JOE POTETT V. THE STATE.

No. 16950.   Delivered May 30, 1934.

The opinion states the case.

*Bonham & Johnson,* of Houston, for appellant.

*Lloyd W. Davidson,* States' Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for robbery; penalty assessed at confinement in the penitentiary for five years.

The alleged injured party was Mrs. Gladys Mayatt. Her testimony and that of others who were present at the time, if true, leaves no doubt that she was robbed and that appellant was one of the offenders.

The appellant did not testify but through his witnesses presented the theory of alibi. Apparently the defense is based upon the contention that the prosecuting witness fixed the date of the offense as Sunday, June 27, 1932. The controverting testimony is that of the sister of the appellant to the effect that on June 26th, the appellant was in her company. The offense appears to have been committed about midnight. The court instructed the jury upon the issue of alibi. The verdict of the jury implies that the issue was determined in favor of the State. There is no lack of evidence to support their finding.

There are five bills of exception in the record.

Bill No. 1, as prepared by the appellant's counsel, is to the effect that appellant was indicted under the name of Joe Potett, when in fact his name was Roy Potett. The bill, as qualified, is to the effect that there was no request to correct the indictment by changing the name and that appellant was fully identified as the offender. There was no exception to the qualification of the bill made by the appellant. No error is revealed by the bill.

Bill No. 2 is to the effect that appellant desired delay for the reason that his counsel did not have sufficient time to familiarize himself with the facts of the case and to prepare his defense. The date of the offense was June 26 or 27, 1932. The indictment was presented November 17, 1932. The trial took place January 3, 1934. It appears from the bill that on January 3, 1934, counsel sought a delay upon the ground that he did not have sufficient time to properly prepare his defense, as he had been employed on January 3, 1934; that the attorney who pre-

ceded him had not properly prepared the case for trial and that there were certain important and material witnesses who had not been subpoenaed. In qualifying the bill the court states that on December 27, 1933, application had been made for seven witnesses, who were named by the court; that process for the witnesses was duly issued, and the return of the sheriff showed that they could not be found in Dallas County. However, two of the witnesses mentioned in the subpoena did appear and testified in behalf of the appellant. The facts expected to be proved by the absent witnesses are not set out in the application for a continuance; nor is it averred in the motion that the evidence sought from the absent witnesses could not be procured by any other source known to the appellant. As stated above, the bill, as qualified, shows that on December 27, 1933, subpoena had been sent to Dallas County for certain named witnesses; that the return showed that they were not to be found in Dallas County; that upon the trial two of the witnesses appeared and testified upon the issue of alibi. There is no exception to the court's qualification of the bill.

Bill No. 3 complains of the fact that John Bailey, a codefendant of the appellant, was placed in a "hold-over" room opening into the court room, such room having a glass panel and the occupants thereof being visible to persons in the court room; that a witness upon being called upon to identify Bailey was permitted to state that he recognized Bailey by looking through the glass mentioned. The incompetency of the evidence is not perceived. However, the bill is qualified and no exception is taken to the qualification. The court does state in the qualifying statement that the injured party claimed that Bailey was one of the parties who was with the appellant at the time of the commission of the offense and that Bailey was identified by the injured party while she was on the witness stand and while looking into the "hold-over" room through the glass door which led to the court room. Error or injury is not perceived.

Bill No. 4 is a complaint of some transactions that took place upon the trial of Tommy Light, who apparently was a coprincipal with the appellant in the commission of the offense. We are unable to comprehend the exact criticism which appellant attempts to make of the procedure in his bill of exception. However, the bill was not approved but was qualified with the statement, the substance of which is as follows: The State's Attorney, Ches. E. Kamp, was not guilty of improper conduct before the jury, was not guilty of conduct which was calculated to inflame the minds of the jury or influence their verdict; nor did

he in any manner whatsoever attempt to compel Tommy Light to testify upon behalf of the State. Neither did he indicate to or in fact testify before the jury to any fact calculated to injure the appellant in the trial of his case, and testified to nothing before the jury; that appellant made no request to have Kamp testify as a witness; that had he done so, the court would have made him available to the appellant.

Bill No. 5, as presented by the appellant, is to the effect that a printed calendar of the months of the year 1932 showed June 27th to fall on Monday. The complaining witness testified that the offense took place on the 27th day of June, which was Sunday; that in actual truth Sunday would have been June 26th, and that there was a variance therefore in the allegations in the indictment and the proof of the State. It seems that this question was raised after the evidence had closed and the court declined to reopen the testimony. The bill is qualified to the effect that the evidence showed the transaction upon which the prosecution rests occurred on the night of June 26, 1932, or early in the morning of June 27, 1932. The State's witnesses testified that the offense occurred about midnight on June 26, 1932. From the court's qualification we quote:

"This being uncontroverted, and the record of the testimony in this cause, the Court refused to permit the defendant to introduce said calendar as complained of in said Bill of Exception No. 5 because same was not material and in no way contradicted the testimony of the witnesses upon the trial of this cause."

As the matter appears here, the qualifying statements of the trial judge are binding upon this court. Especially is this true in view of the fact that to the court's remarks there was addressed no exception by the appellant. See Nance v. State, 35 S. W. (2d) 155; Barnett v. State, 119 Texas Crim. Rep., 594; La Fitte v. State, 54 S. W. (2d) 136.

Regarding the evidence as sufficient to support the verdict and finding no error which would justify interference therewith by the appellate court, the judgment is affirmed.

*Affirmed.*