Charles Waymon TUCKER, Appellant,

v.

The STATE of Texas, Appellee.

No. 56090.

Court of Criminal Appeals of Texas, Panel No. 1.

March 21, 1979.

Tom A. Boardman and Lawrence B. Mitchell, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Ronald D. Hinds, Tom F. Lillard and Sue Lagarde, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and W. C. DAVIS, JJ.

## OPINION

ROBERTS, Judge.

A jury found the appellant guilty of theft of a truck and trailer of the value of $10,000 or more. The trial court assessed punishment at seven years' confinement. The appellant presents one ground of error: the refusal of the trial court to reopen testimony.

The appellant, who did not testify, presented two witnesses who testified that they had entrusted property to the appellant in business dealings which proved satisfactory. Treating the witnesses as character witnesses, the State sought to impeach their testimony by asking "have-you-heard" questions. (The appellant did not object to this method of impeachment, and we do not express any opinion on the question of whether this method was properly available.) Each witness was asked if he had heard that the appellant had defrauded Hutchins Truck Leasing out of $50,000 while doing business with them in 1976; one witness said he had heard there was a charge of that; the other witness had not heard of it. Each witness was asked if he had heard that the appellant was involved in stealing a Ditch-Witch machine and transporting it to Michigan in December of 1976; neither witness had heard of this. Very shortly after the second of these witnesses was excused, both parties rested and closed, and court was recessed for the day.

The next morning, the appellant presented his written motion to reopen. The motion alleged that two witnesses had been located overnight. One witness, who had been subpoenaed and was expected "momentarily," would testify that he had been the manager of Hutchins Truck Leasing in 1976 and that the appellant had not defrauded that company. The other witness, who was present, would testify that he transported a Ditch-Witch to Michigan, that the appellant merely acted as a broker, and that the appellant did not know the load was a Ditch-Witch or that it was stolen. The trial court denied the motion, and proceeded to charge the jury. Later the appellant questioned the witnesses to make a bill of exception showing what their testimony would have been. (The State argues that the testimony would not have established what the appellant expected. Because of our holding below, we need not address this question.)

Article 36.02 of the Texas Code of Criminal Procedure states the rule for reopening evidence: "The court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice." If the evidence was admissible (irrespective of its weight, its probative value, or its cumulative character), and if it was offered before the charge was read, it will be reversible error to refuse the request to reopen for its receipt, unless it appears its introduction would have impeded the trial or interfered with the due and orderly administration of justice. *Vital v. State,* 523 S.W.2d 662 (Tex.Cr.App.1975). It will be noted that the first requirement is that the evidence have been admissible. It is not error to refuse to reopen for inadmissible evidence. 23 C.J.S. Criminal Law, § 1056b; cf. *Potett v. State,* 126 Tex.Cr.R. 398, 72 S.W.2d 283 (1934). In this case the proffered evidence was inadmissible because it was immaterial.

The appellant argues that he should have been allowed to "explain and mitigate the allegations of the State's questions which had implied that Appellant may have been involved in previous acts of misconduct." He cites *Stiles v. State,* 91 Tex. Cr.R. 461, 239 S.W. 963 (1921), which held that, when any fact material to the issue is introduced by one side, the other side has a right to deny, contradict, or explain such testimony, showing its falsity or breaking its force and effect in any legitimate way. In this case, the State had not introduced any fact which the appellant could refute by the proffered testimony. The function of the "have-you-heard" question is to test the knowledge of the character witness who testifies about another's reputation, and the consequent accuracy and reliability of his testimony; it is not to establish the truth of the acts with which the questions deal. 62 Texas Jurisprudence 2d Witnesses, Section 196; *Brown v. State,* 477 S.W.2d 617 (Tex. Cr.App.1972). It is improper for a "have-you-heard" question to imply that the acts inquired about have, in fact, occurred. *Sisson v. State,* 561 S.W.2d 197 (Tex.Cr.App. 1978). Whether or not the act inquired about in fact occurred is not an issue for the jury.

The propriety of a "have-you-heard" question is one of law, not a material issue of fact. The appellant did not avail himself of legal objections. He did not object to the questions on the ground that they improperly injected an assertion of fact. He did not request an instruction to the jury to disregard the questions. Cf. *Carey v. State,* 537 S.W.2d 757 (Tex.Cr.App.1978). He did not seek to demonstrate to the court that the questions were asked in bad faith. Cf. *Hart v. State,* 447 S.W.2d 944 (Tex.Cr.App. 1969).

The State did not offer proof of the acts it inquired about. There was no fact issue before the jury to which the proffered evidence was material. The evidence being immaterial, it was inadmissible, and it was not error to refuse to reopen for such inadmissible evidence.

The judgment is affirmed.