Telesforo TORRES, III, Appellant,

v.

STATE of Texas, Appellee.

No. 13–84–258–CR.

Court of Appeals of Texas, Corpus Christi.

May 23, 1985.

Joseph E. Garcia, III, Portland, for appellant.

Thomas L. Bridges, Dist. Atty., Sinton, for appellee.

Before NYE, C.J., and BENAVIDES and SEERDEN, JJ.

## OPINION

BENAVIDES, Justice.

Appellant was tried before a jury and found guilty of the offense of burglary of a building. The jury assessed punishment at five years' confinement in the Texas Department of Corrections and a fine of $2,100. The jury recommended the confinement be probated for five years. We affirm.

In his first ground of error, appellant alleges the evidence is insufficient to sustain the conviction because testimony of the accomplice witness was only corroborated by proof that the appellant was in proximity to the stolen property. Appellant's second ground of error alleges the evidence is insufficient because the testimony of the accomplice witness only raised a strong suspicion or possibility of appellant's guilt.

TEX.CODE CRIM.PROC.ANN. art. 38.-14 (Vernon 1979) provides as follows:

"A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense."

In applying the statute, the Court of Criminal Appeals has stated the following rules:

(1) The accomplice witness need not be corroborated in all of his testimony, and the corroboration need not directly link the accused to the crime or be sufficient in itself to establish guilt, *Walker v. State*, 615 S.W.2d 728, 732 (Tex.Crim. App.1981);

(2) The test of the sufficiency of the corroborating testimony requires that the reviewing court eliminate from consideration the evidence of the accomplice witness and then examine the testimony of the other witnesses to ascertain if there is inculpatory evidence which tends to link the accused with the commission of the offense. If there is such evidence the corroboration is sufficient; otherwise, it is not, *Meyers v. State*, 626 S.W.2d 778, 780 (Tex.Crim.App.1982);

(3) The corroborating evidence need only make the accomplice witness' testimony more likely than not, *id;*

(4) The mere showing that an offense occurred is not sufficient corroboration, *id;* and

(5) The mere presence of the accused in the company of the accomplice shortly before or after the commission of the

offense is not, in itself, sufficient corroboration. *Id.*

At trial, the accomplice witness took the stand and confessed to entering the building allegedly burglarized. He testified that entry was made through the back window of the bathroom. He also testified that appellant accompanied him; and, when they discovered a safe, he and appellant left to procure a crowbar to open the safe.

While going to fetch a crowbar, appellant allegedly recruited a third participant, at which time the accomplice declined to return to the building. The accomplice witness testified that appellant and the third party "went back" and that, in a little while, he saw appellant walking with a TV, a little radio and a blue money bag.

The television was recovered the morning after the burglary by the police, who were told by appellant it was in his mother's yard. Appellant lived with his mother. The television, as well as the money bag, was introduced as evidence at the trial.

Sheri Ann Schrenkeisen, coordinator at the Aransas Pass Adult Habilitation Center, was called by the State and identified the television recovered from appellant's residence as the one taken from the habilitation center. She testified that the money bag appeared to be the same one taken from the center, and she also stated that a small transistor radio belonging to one of the clients was missing after the burglary.

Mary Long, an employee of the habilitation center, discovered the burglary. She stated that entry was made through the boys' bathroom window, and this observation was confirmed by Officer Linda Thompson of the Aransas Pass Police Department.

The burglary occurred sometime between the evening of the 20th when the center was closed, and the morning of the 21st when Ms. Long arrived for work. Officer DeLeon testified that he was on patrol in the early morning hours, about 2:00 a.m., of December 21. He testified that he saw three suspects in the alley right behind the habilitation center. When he turned his patrol car into the alley, the suspects fled. Officer DeLeon followed the suspects to a convenience store where he identified one as his cousin, appellant herein, and another as the accomplice witness. After identifying the suspects, Officer DeLeon went about his duties without returning to inspect the habilitation center.

Finally, appellant's statement was introduced wherein he stated:

On December 20th, 1983, at about 10:00 P.M., while in my bedroom at 457 S. Arch, Aransas Pass, San Patricio County, Texas, I remember I walked into the kitchen to get a glass of water when I heard someone (Tony Fernandez) knock at the back door. Tony Fernandez had a small black and white G.E., 12″ T.V., which Tony Fernandez offered to me and I told him that I wanted the T.V., but to leave it outside the house, then he (Tony Fernandez) asked me if I wanted a blue money bag he had. Tony said they were just a bunch of quarters he didn't want. I gave the money bag, which I noticed had only change to my sister, Brenda Torres, to bury the money bag in the back yard. (547 S. Arch).

At trial, appellant took the stand and denied any participation in the burglary. Appellant's story was that the accomplice witness and another committed the burglary and brought the stolen property to his mother's home to stash. Appellant denied any knowledge the property was stolen, and testified that, when the accomplice knocked on his door and offered him the T.V., he, the appellant, did not say he wanted it; rather, he just told the accomplice, "Put it in the backyard." Appellant also denied fleeing from Officer DeLeon and testified that he never touched the money bag and did not know what it contained.

Appellant's sister, Brenda Torres, took the stand and testified that she received the money bag from the accomplice witness to hold for him and buried it when she realized the money was probably stolen.

In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the

verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State,* 663 S.W.2d 455 (Tex.Crim.App.1984).

In the instant case, the accomplice's testimony concerning method of entry and items taken was corroborated by a police officer and an employee of the center. Officer DeLeon placed both appellant and the accomplice in the alley behind the habilitation center, and appellant fled when spotted. Appellant's statement shows that he exercised possession over the money bag in directing his sister to bury it in the back yard.

Looking at all the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could reject the evidence offered by appellant and his family on his behalf and could find the essential elements of the crime beyond a reasonable doubt. Appellant's first and second grounds of error are overruled.

In his third ground of error, appellant alleges the trial court erred in excluding evidence beneficial to the appellant tending to establish ill feeling, bias, motive and animus upon the part of the State's witness testifying against him.

Before trial commenced, the court granted the State's motion in limine based, in part, on TEX.CODE CRIM.PROC.ANN. art. 38.29 (Vernon 1979). This statutory rule of evidence provides that:

> The fact that a defendant in a criminal case, or a witness in a criminal case, is or has been, charged by indictment, information or complaint, with the commission of an offense against the criminal laws of this State, of the United States, or any other State shall not be admissible in evidence on the trial of any criminal case for the purpose of impeaching any person as a witness unless on trial under such indictment, information or complaint a final conviction has resulted, or a suspended sentence has been given and has not been set aside, or such person has been placed on probation and the period of probation has not expired. In

trials of defendants under Article 36.09, it may be shown that the witness is presently charged with the same offense as the defendant at whose trial he appears as a witness.

At trial, counsel for appellant requested that the jury be excused and made an offer of evidence to show that the juvenile testifying against appellant as an accomplice witness had been involved in numerous other burglaries. In response to questioning, the juvenile also admitted he was on probation at the time the offense occurred that appellant was being prosecuted for committing.

After the offer of proof, counsel for appellant moved to admit all of the evidence heard outside the presence of the jury. The trial court refused to do so.

We have carefully reviewed that portion of the record concerning the proffered testimony and conclude that appellant's counsel never made known to the trial court the reason now stated in his third ground of error why the evidence should have been admitted. The reasons stated to the court by appellant's counsel were that appellant should be permitted to impeach the credibility of the witness and that the witness had made inconsistent statements.

It is well established that the ground of error on appeal must comport with the objection made at trial or else the ground is waived. However, in this case, appellant was not objecting to the admission of testimony; rather, his objection was to the court's refusal to admit the testimony. Thus, the issue is whether, just as a party must make the proper objection to apprise the court why testimony should be excluded, must an appellant, in the face of a trial judge's decision to exclude testimony, point out to the court the proper reason why the evidence should be admitted.

We hold that, in a case as the one before us where the proffered testimony is ostensibly barred by a statutory prohibition, the proponent of the testimony must point out to the trial court the proper ex-

ception to TEX.CODE CRIM.PROC.ANN. art. 38.29. We base our holding on the following language from *Davis v. State*, 645 S.W.2d 288 (Tex.Crim.App.1983):

> One of the most basic principles extant in the law of evidence is that the burden is on the tendering party to establish the *prima facie* admissibility of evidence offered. We see no justification for rearranging this well settled burden of production when the evidence proffered consists of a prior accusation against the witness.
>
> It cannot be disputed that Article 38.-29, supra, is in the language of a prohibition which allows exceptions in three circumstances; clearly, he who seeks excuse from the prohibition is burdened with establishing his entitlement.

*Id.* at 291. We conclude that it was incumbent upon appellant to establish an exception to art. 38.29 and that he failed to do so.

There is a "well-established rule (and exception to Art. 38.29, V.A.C.C.P.) that great latitude is allowed the accused in showing any fact, including pending charges, which would tend to establish ill feeling, bias, motive, and animus on the part of any witness testifying against him." *Simmons v. State*, 548 S.W.2d 386, 388 (Tex.Crim. App.1977).

Appellant now argues that proof of the accomplice witness' involvement in other burglaries was relevant to show that the accomplice was on probation and would implicate appellant in the instant offense in order to avoid prosecution and revocation of his own juvenile probation; however, this theory was not presented until the appeal. Appellant made no attempt to show the specific offense that resulted in the juvenile being placed on probation. We conclude that appellant failed to meet his burden to establish the *prima facie* admissibility of the evidence offered. Absent some indication to the court of the proper reason why the testimony should be admitted despite the statute, the court did not err in excluding the testimony.[1] A court does not err in excluding testimony of prior convictions where such testimony is offered only to impeach the accomplice's general credibility. *Bilbrey v. State*, 594 S.W.2d 754, 758 (Tex.Crim.App.1980). The offered testimony did not contain any evidence of an inconsistent statement. Appellant's third ground of error is overruled.

In disposing of appellant's ground of error in the above manner, we have implicitly assumed that the accomplice witness had been charged with the offenses that appellant sought to show for impeachment purposes. Actually, the record does not reflect this, and art. 38.29 would, therefore, be inapplicable; nevertheless, art. 38.29 would appear to be only a codification of the common law rule that evidence of specific acts of misconduct of a witness is not generally admissible. *Murphy v. State*, 587 S.W.2d 718, 722–23 (Tex.Crim.App. 1979).

The judgment of the trial court is affirmed.

---

1. The record reflects ample time afforded appellant to state his reasons for admission of the evidence and a lengthy dialogue between the court and appellant's counsel concerning appellant's offer of proof during which he never once suggested the reasons he now sets out in his appeal.