**Rudolf Kurt–Arno SCHULDREICH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–92–01076–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

March 9, 1995.

Discretionary Review Refused May 24, 1995.

Randy McDonald, Houston, for appellant.

J. Harvey Hudson, Houston, for appellee.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

LEE, Justice.

Appellant entered a plea of not guilty to one count of attempted murder and aggravated assault. TEX.PENAL CODE ANN. §§ 22.02; 19.02; 15.01 (Vernon 1989).[1] He was convicted of aggravated assault and the jury assessed punishment at imprisonment for 2 years and a $2,000.00 fine. In three points of error, appellant contends he was denied effective assistance of counsel in violation of the United States and Texas constitutions and evidence was erroneously excluded. We affirm.

Gilbert Raymond went to appellant's home one evening to pick up a gun collection that he agreed to store while appellant was on vacation. Raymond stayed at appellant's house after he and appellant loaded the collection into his car. As the evening progressed, appellant's mood began to change. At one point, appellant and his wife moved into the kitchen. Appellant was shouting at her in German when Raymond heard a crashing sound. When he went into the kitchen to investigate, Raymond saw food on the kitchen floor. Raymond started to help appellant's wife clean up the floor when appellant yelled, "Get out. It's her job." Raymond immediately left the kitchen and went into the living room. Raymond then saw appellant's wife walk to the bedroom, pick up her purse, and attempt to leave the house. Appellant grabbed the purse and tried to wrestle it away from her. When Raymond stepped between the couple and attempted to calm appellant, he stabbed Raymond in the stomach with a World War I era bayonet.

As a result of the blow, Raymond suffered four holes in the small intestine and two holes in the supporting structures.

Appellant claims that he was acting in self-defense. He testified that one of his many firearms was a .22 caliber pistol that Raymond saw, admired, and then test fired in the back yard. Appellant also testified that after he test fired it, Raymond put the gun in his pocket. Appellant claims that when Raymond intervened in the domestic dispute, Raymond brandished the pistol forcing him to stab Raymond in self-defense.

■ In his first and second points of error, appellant claims that he was denied effective assistance of counsel as required by the Federal and Texas Constitutions. See U.S. CONST. amends. VI, XIV; TEX. CONST. Art. 1 § 10. During trial, appellant chose to waive his immunity from self-incrimination and testified. During his direct examination, the prosecutor made several objections to appellant's testimony because appellant was not responsive to defense counsel's questions. In the course of his direct examination, the court took a short break and a lunch break. After each break, his attorney objected because he was not allowed to confer with appellant during the break. Appellant contends that because he is German, he did not understand the American criminal justice system. He claims that if he had been allowed to confer with his attorney during the breaks he would have been responsive to his attorney's questions. He further claims that because of the repeated "unresponsive" objections by the prosecution and the corresponding admonishments by the court, the jury did not believe his testimony.

In *Perry v. Leeke*, 488 U.S. 272, 109 S.Ct. 594, 102 L.Ed.2d 624 (1989), the Supreme Court addressed a factually similar case. The *Perry* trial judge declared a fifteen (15) minute break between the defendant's direct and cross examination. The trial judge ordered the defendant to not confer with his attorney during the break. The Supreme Court granted review to address a question

---

1. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the revised penal code. *See* Acts 1993, 73rd Leg., ch. 900, § 1.18(b). Therefore, all references to the penal code are to the code as in effect at the time the crime was committed.

previously left open by its decision in *Geders v. United States*.[2] The court held:

> [w]hen a defendant becomes a witness, he has no constitutional right to consult with his lawyer while he is testifying. He has an absolute right to such consultation before he begins to testify, but neither he nor his lawyer has a right to have the testimony interrupted in order to give him the benefit of counsel's advice.
>
> The reason for the rule is one that applies to all witnesses—not just defendants. It is a common practice for a judge to instruct a witness not to discuss his or her testimony with third parties until the trial is completed.
>
> \* \* \* \* \* \*
>
> Thus, just as a trial judge has the unquestioned power to refuse to declare a recess at the close of direct testimony—or at any other point in the examination of a witness—we think the judge must also have the power to maintain the status quo during a brief recess in which there is a virtual certainty that any conversation between the witness and the lawyer would relate to the ongoing testimony.
>
> \* \* \* \* \* \*
>
> Our conclusion does not mean that trial judges must forbid consultation between a defendant and his counsel during such brief recesses. As a matter of discretion in individual cases, ... it may well be appropriate to permit such consultation.

*Perry*, 488 U.S. at 281–84, 109 S.Ct. at 600–02.

■ In the instant case, the trial court did not order appellant not to confer with his attorney. Rather, the trial court overruled appellant's objection to not being able to confer with his defense counsel. The record indicates that the court's bailiff denied a conference during the morning break between defense counsel and appellant for some reason.[3] Similarly, the record is unclear why defense counsel was not able to confer with appellant during the lunch recess.[4] It does not appear that defense counsel asked for any affirmative intervention prior to or during the break or lunch recess. Objections were not made until the breaks were over. Appellant's objections did not request any action by the court. As indicated in *Perry*, appellant did not have a constitutional right to confer with his attorney during the break and recess. The trial court may (although that's not the case here), in its discretion, require an accused to not confer with his defense counsel. *Perry*, 488 U.S. at 283–84, 109 S.Ct. at 601–02. Under the circumstances of this case, we cannot say that the trial court's action denied appellant of effective assistance of counsel. Appellant's first and second points of error are overruled.

■ In his third point of error, appellant argues that he should have been able to describe how Raymond felt about the .22 caliber pistol he claimed Raymond used to attack him. The State objected to the offered testimony because it was hearsay. The jury was excused and appellant made an informal bill of exception. He testified that Raymond wanted the gun because it was small and would fit into his pocket. He also thought Raymond wanted to buy or trade for

2. In *Geders v. United States*, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976), the Supreme Court held that a trial court's order directing a defendant not to consult with his attorney during an overnight recess, called while the defendant was on the stand, violated his right to assistance of counsel.

3. During the morning break, the bailiff took appellant to a holding cell and then refused to allow defense counsel to confer with appellant. The record does not indicate why the bailiff refused to allow counsel to confer with appellant. Appellant's attorney objected, after the fact, to not being able to meet with appellant. The court simply overruled the objection. As the State correctly points out, it is possible that the bailiff also needed a break and refused to leave appellant with his counsel unattended.

4. After the lunch break, defense counsel renewed his objection because he was not able to confer with appellant during the break. The court asked if defense counsel made "any attempt to see if [appellant] was downstairs over the lunch break?" Defense counsel responded that he "didn't know if he was downstairs or up [in the] court holdover." Defense counsel did not specifically request an opportunity to confer with appellant.

the gun so that he could take it home immediately.

At trial and on appeal, appellant argues that the excluded testimony was necessary to show that he acted in self-defense. He contends that Raymond's immediate desire for a gun which would fit into his pocket would tend to indicate that Raymond was the aggressor. Appellant, however, does not cite any exceptions to the hearsay rules. Rather he claims the excluded testimony was necessary to show the jury the complete story.

 Hearsay is an out of court statement offered to prove the truth of the matter asserted. TEX.R.CRIM.EVID. 801(d); *Yancey v. State*, 850 S.W.2d 642, 644 (Tex.App.—Corpus Christi 1993, no pet.). Objected to hearsay is inadmissible unless a statute or the Rules of Criminal Evidence provide an exception. TEX.R.CRIM.EVID. 802. *Cf. Chambers v. State*, 711 S.W.2d 240 (Tex.Crim.App.1986). At trial and on appeal, appellant did not rely on a hearsay exception. He argued that the testimony was necessary and that Raymond was available for cross examination. As the party offering the evidence, the burden is on the appellant to establish that the evidence should have been admitted. *Davis v. State*, 645 S.W.2d 288, 291 (Tex.Crim.App.1983). He has not indicated a basis on which the testimony should have been admitted. Accordingly, appellant's third point of error is overruled. The judgment of the trial court is affirmed.