Robert FORBES, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–96–01240–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 21, 1998.

---

Ray S. Garcia, Angleton, for Appellant.

Jerome Aldrich, Donald S. Stephens, Angleton, for Appellee.

Before COHEN, WILSON and NUCHIA, JJ.

## OPINION

NUCHIA, Justice.

Appellant was convicted by a jury of forgery. The jury assessed punishment at two years confinement. The Court probated the sentence for five years with 180 days in state jail as a condition of probation. We affirm.

## BACKGROUND

In August of 1994, Theresa Betsworth placed a check in a sealed envelope in her mailbox at the end of her sidewalk. Theresa Betsworth had written the check to the Science Teachers' Association of Texas. On September 2, 1994, this check was cashed at a drive-thru window of the Texas Dow Employees Credit Union in Lake Jackson, Texas. When cashed, the check had been altered to show the payee as Robert G. Forbes and the amount had been changed from $47.00 to $2500. The "purpose" section on the check was filled in to read "boat and trailer." The Betsworths realized the forgery when their account was overdrawn. Both Theresa Betsworth and her husband, Douglas, testified that they did not know a Robert G. Forbes and did not authorize him to alter their check.

Appellant was arrested for forgery. At trial, he maintained that this was a case of mistaken identity, and that he did not cash the check in question.

## DISCUSSION

### A. Sufficiency of the Evidence

In his third point of error, appellant contends that the evidence is legally and factually insufficient to show that appellant was the individual that passed the check at the bank.

### 1. Legal sufficiency

■ When an appellant challenges both the legal and factual sufficiency of the evidence, an appellate court must first determine whether the evidence introduced at trial was legally sufficient to support the verdict. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim.App.1996). The standard for reviewing the legal sufficiency of the evidence is whether, after reviewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). If there is evidence that establishes guilt, beyond a reasonable doubt, and if the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988).

■ In this case, the bank teller who cashed the check, Justin Phy, testified that the layout of the drive-thru window permits visual identification of the customers. Phy testified that he made a visual identification of appellant and compared it to the Texas driver's license that accompanied the check. He also compared the signature on the check to the signature on the Texas driver's license. Phy identified a certified copy of appellant's Texas driver's license as the one he examined the day of the forgery and appellant as the individual to whom he compared the picture on the driver's license.

We hold that this evidence is legally sufficient to demonstrate that appellant was the individual who passed the check.

### 2. Factual sufficiency

■ When reviewing factual sufficiency of the evidence, we are only to reverse if, upon viewing all of the evidence and taking into account all reasonable inferences, we find the verdict is so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. *Clewis*, 922 S.W.2d at 129.

Appellant testified that he had never seen the check before and that the signature on the check was not his. He also testified that the check misspelled his name and that it did not have his correct driver's license number on it. Appellant testified that his driver's license may have been missing on September 2, 1994, but he did not miss it until 1995.

Besides his above cited testimony, Phy testified on cross-examination that he probably would be unable today to identify appellant without the assistance of the driver's license. Phy also testified that the only difference between the driver's license number and the number on the check was that a zero was omitted from the beginning of the number on the check, and that it was very common for people to omit the opening zero when writing a driver's license on a check.

Two stories that were diametrically opposed were presented to the jury. The jury, as the trier of fact, was the sole judge of the credibility of the witnesses. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App.1986); *Griffin v. State*, 850 S.W.2d 246, 253 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd). The jury was entitled to believe or disbelieve all or any part of appellant's testimony. *Sharp*, 707 S.W.2d at 614; *Moody v. State*, 830 S.W.2d 698, 700 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). It was within the province of the jury to reconcile the conflicts and contradictions in the evidence, and because there is enough credible testimony to support the conviction, we cannot reverse the conviction. *Bowden v. State*, 628 S.W.2d 782, 784 (Tex.Crim.App.1982); *Moody*, 830 S.W.2d at 700.

We overrule appellant's third point of error.

### B. Motion to Reopen Case

In his first point of error, appellant contends that the trial court erred in denying his motion to reopen. Before closing arguments, appellant moved to reopen to call Rose Marie Murphree, who worked at the Veteran's Administration (V.A.) hospital where appellant worked. Murphree had brought hospital business records showing that appellant was working in Houston the day that the forgery in Lake Jackson occurred. The trial court denied the request.

■ Texas Code of Criminal Procedure § 36.02 provides, "The court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice." It is reversible error when the trial court refuses a request to reopen for the purpose of producing relevant and admissible evidence, regardless of its weight or the issue upon which it is offered, so long as the request is timely under the statute and does not threaten to unduly impede the trial. *Rogers v. State*, 774 S.W.2d 247, 263 (Tex.Crim.App.1989) (citing *Vital v. State*, 523 S.W.2d 662, 664–65 (Tex.Crim.App. 1975)). The trial court commits error in not reopening the case when the following conditions are met: (1) the witness was present and ready to testify; (2) the request to reopen was made before the charge was read to the jury and final arguments were made; (3) the judge had some indication of what the testimony would be, and was satisfied that the testimony was material and bore directly on the main issues in the case; and (4) there is no showing that introduction of the testimony would have impeded the trial or interfered with the orderly administration of justice. *Yee v. State*, 790 S.W.2d 361, 362 (Tex. App.—Houston [14th Dist.] 1990) (citing *Scott v. State*, 597 S.W.2d 755, 757–58 (Tex. Crim.App.1979)), *pet. dism'd per curiam*, 815 S.W.2d 691 (Tex.Crim.App.1991); *Tucker v. State*, 578 S.W.2d 409, 410 (Tex.Crim.App. 1979); *Vital*, 523 S.W.2d at 664–65.

The State cites two Fourteenth Court of Appeals cases, and argues that the documents were not material because they would not have materially changed the case in his favor. *See Sims v. State*, 833 S.W.2d 281, 286 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd); *Yee*, 790 S.W.2d at 362. However, the Court of Criminal Appeals has consistently held that the weight of the testimony is not a factor in the trial court's determination of whether to reopen the case. *Rogers*, 774 S.W.2d at 263; *Vital*, 523 S.W.2d at 664–65. Further, the majority in *Yee* followed *Rogers* and *Vital*; it was the dissent that

stated the rule espoused by the State. Although the *Sims* opinion does appear to state such a rule, it finds support in only the dissent in *Yee*, and another Fourteenth Court of Appeals opinion.[1]

■ It is clear that appellant's location on the day in question was material and bore on the main issues of the case. The State's argument that the documents do not disprove appellant's guilt merely attack the weight of the evidence, not its materiality. Accordingly, it was error for the trial court to not reopen the case to permit the introduction of the documents.

*Vital* and *Rogers* referred to a trial court's improper denial of a motion to reopen as "reversible error." *Rogers*, 774 S.W.2d at 263; *Vital*, 523 S.W.2d at 664–65. However, recently, in *Cain v. State*, 947 S.W.2d 262, 264 (Tex.Crim.App.1997), the court stated, "Except for certain federal constitutional errors labeled by the United States Supreme Court as 'structural,' no error, whether it relates to jurisdiction, voluntariness of a plea, or any other mandatory requirement, is categorically immune to a harmless error analysis." We believe that this pronouncement by the Court of Criminal Appeals in *Cain* requires our application of the harmless error analysis in this case, notwithstanding the court's prior statements in *Vital* and *Rogers*.

■ Our review of the record in its entirety leads us to conclude that the trial court's error did not affect a substantial right of appellant. Tex.R.App. P. 44.2(b); *King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App. 1997). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King*, 953 S.W.2d at 271 (citing *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946)).

The V.A. hospital records merely show that appellant worked as an ambulance driver on the day in question and made 10–mile ambulance runs at 8:00 a.m. and 10:30 a.m. and another at 2:30 p.m. There is no indica-

---

1. *Gray v. State*, 797 S.W.2d 157, 160 (Tex.App.—Houston [14th Dist.] 1990, no pet.). *Gray* cited *Whiting v. State*, 755 S.W.2d 936, 941 (Tex. App.—San Antonio 1988, no pet.) for this propo-

sition. *Whiting*, another "no pet." case, relied on a Court of Criminal Appeals opinion issued long before *Rogers* and *Vital*. *Baker v. State*, 130 Tex.Crim. 649, 95 S.W.2d 401, 403 (1936).

tion of how long the runs took or where appellant was between these times. The bank teller testified that appellant passed the check at 12:30 p.m. This evidence does not contradict the bank teller's testimony or show that appellant could not have committed the crime. The records, if admitted, would not have had a substantial influence on the jury in determining their verdict.

We overrule appellant's first point of error.

## C. Sixth Amendment

In his second point of error, appellant contends that the denial of his motion to reopen violated his rights under the federal and state constitutions.

Although appellant cites the Texas Constitution, he does not argue the state grounds separately or argue that the Texas Constitution offers him more protection than the federal constitution. Thus, we will address only appellant's federal claims. *Brown v. State*, 943 S.W.2d 35, 43 n. 3 (Tex.Crim.App. 1997); *Ex parte Granger*, 850 S.W.2d 513, 516 n. 6 (Tex.Crim.App.1993); *Narvaiz v. State*, 840 S.W.2d 415, 432 (Tex.Crim.App. 1992).

Appellant's constitutional arguments were never raised in the trial court or brought to the trial court's attention. We generally will not consider any error that appellant could have called, but did not call, to the attention of the trial court at a time when such error could have been avoided or corrected by the trial court. TEX.R. APP. P. 33.1; *Ex parte Crispen*, 777 S.W.2d 103, 105 (Tex.Crim.App.1989). This situation does not, however, involve a failure to object. It involves a potential constitutional claim providing an alternative basis on which the evidence might be admissible, but this theory of admissibility was not presented to the trial judge. *Johnson v. State*, 963 S.W.2d 140, 142 (Tex.App.—Texarkana 1998, pet. filed). As the party offering the evidence, the burden is on the appellant to establish before the trial judge that the evidence should have been admitted. *Davis v. State*, 645 S.W.2d 288, 291 (Tex.Crim.App.1983); *Johnson*, 963 S.W.2d at 142; *Schuldreich v. State*, 899 S.W.2d 253, 256 (Tex.App.—Houston [14th Dist.] 1995, pet. ref'd); *Torres v. State*, 694 S.W.2d 604, 608 (Tex.App.—Corpus Christi 1985, no pet.). We conclude that this argument has not been preserved for review. *See Johnson*, 963 S.W.2d at 142 (failure to raise Sixth Amendment grounds for admission of testimony at trial waives any error).

We affirm.