11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Colin Rae Taegel

Appellant

Vs.                   No.
11-01-00349-CR  --  Appeal from Erath County

State of Texas

Appellee

 

Appellant was convicted of the offense of felony
driving while intoxicated.  The jury
assessed his punishment at 10 years confinement in the Institutional Division
of the of Texas Department of Criminal Justice, probated for a term of 10
years.  The jury additionally imposed a
fine of $10,000.  We affirm.

Appellant brings one issue on appeal.  He contends that the trial court erred in
granting the 

State=s
motion to reopen the evidence after the State had rested its
case-in-chief.  The indictment alleged
two prior convictions of appellant for driving while intoxicated.  Records of the two prior convictions were
offered into evidence during the State=s
case-in-chief.   These records were
admitted as certified court records without testimony by any of the State=s witnesses.  Immediately after the State rested,
appellant moved for an instructed verdict of acquittal on the basis that the
State had failed to sufficiently identify him as the defendant in the two prior
convictions.  The State responded to
appellant=s motion for
instructed verdict by presenting a motion to reopen the evidence.  The court granted the State=s motion to reopen and
denied appellant=s
motion for instructed verdict.  The
State then recalled the arresting highway patrolman to provide testimony
regarding appellant=s
identity.








A trial court may allow additional testimony to be
introduced before the conclusion of arguments if the testimony appears to be
necessary to the due administration of justice.  TEX. CODE CRIM. PRO. ANN. art. 36.02 (Vernon 1981); see Doyle v.
State, 24 S.W.3d 598, 601 (Tex.App. - Corpus Christi 2000, pet=n ref=d).  The decision to reopen a case is left up to the
discretion of the trial court.  Cain v.
State, 666 S.W.2d 109, 111 (Tex.Cr.App.1984); Doyle v. State, supra at
601.  This is the case even when the
defendant has previously moved for an instructed verdict.   Doyle v. State, supra at 601; Wolf v.
State, 674 S.W.2d 831, 842 (Tex.App. - Corpus Christi 1984, pet=n ref=d).  The trial court=s decision is reviewed on appeal for an abuse
of discretion.  Boatright v. State, 472
S.W.2d 765, 770 (Tex.Cr.App.1971); Doyle v. State, supra at 601.  

Appellant argues that the trial court can only
reopen testimony in a case if the following four elements set out in Scott v.
State, 597 S.W.2d 755, 758 (Tex.Cr.App.1979), are shown: (1) the witness is
present and ready to testify; (2) the motion to reopen is made before final
arguments and before the charge is read to the jury; (3) the movant states with
specificity what testimony the witness is expected to give and the importance
the testimony carries; and (4) it is not apparent that the motion=s purpose is to frustrate
the due administration of justice. 
Appellant concedes that the state met the first three elements of Scott.   He argues, however, that the fourth element
is not met in this case because the trial court=s
decision resulted in a serious injustice to him.  He argues that he was not able to testify in his own defense
because doing so would have resulted in a waiver of his objection to the
evidence being reopened.[1]

We disagree with appellant=s application of the elements listed in Scott.   The Scott elements outline a set of
circumstances when a trial court must grant a motion to reopen.   These elements are only examined in
instances when the trial court has denied a motion to reopen.  See Kennerson v. State, 984 S.W.2d 705,
706-07 (Tex.App. - Houston [1st Dist.] 1998, pet=n
ref=d); Forbes v.
State, 976 S.W.2d 749, 751-52 (Tex.App. - Houston [1st Dist.] 1998, no pet=n); Phillips v. State, 878
S.W.2d 617 (Tex.App. - Corpus Christi 1994, no pet=n). 
Our review of the relevant caselaw as well as the language of the
statute itself reveals a preference for granting motions to reopen.   As noted in Vital v. State, 523 S.W.2d 662,
664-65 (Tex.Cr.App.1975), the trial court commits error when it denies a motion
to reopen for the purpose of introducing admissible evidence so long as the
motion is timely made and does not interfere with the due and orderly
administration of justice.  We,
therefore, review the granting of a motion to reopen only for an abuse of
discretion.








The appellate record does not indicate that the
trial court abused its discretion in permitting the State to reopen the evidence.  The witness which the State recalled was
available to testify without undue delay.  
The record does not demonstrate that the State engaged in activity which
could be construed as an attempt to frustrate the due administration of
justice.  It appears that the omission,
if any, in the State=s
evidence was a result of accident or mistake.  
We therefore overrule appellant=s
sole issue.

The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

JUSTICE

June 27, 2002

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.











     [1]The appellate record does not contain an offer of proof
as to what appellant=s testimony would have been had he testified during the
guilt/innocence phase of the trial.