Opinion issued October 13, 2005

















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-04-00731-CR
__________
 
ANTONIO CARRILLO, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 208th District Court
Harris County, Texas
Trial Court Cause No. 923502
 

 
 
MEMORANDUM OPINION
          Appellant, Antonio Carrillo, pled guilty to aggravated assault of a public
servant. He was placed on deferred adjudication for eight years. The State filed a
motion to adjudicate guilt in which it alleged that appellant violated the terms and
conditions of his deferred adjudication. After finding the allegations set forth in the
motion to be true, the trial court sentenced appellant to 18 years in prison. On appeal,
appellant asserts that his sentence is disproportionate to his offense; therefore, it
deprives him of the right to be free from cruel and unusual punishment guaranteed by
the Eighth Amendment to the United States Constitution and Article 1, section 13 of
the Texas Constitution. The State contends that appellant waived his complaint by
failing to make a timely objection to the sentence. We affirm.
Waiver 
          In his sole point of error, appellant argues that his 18-year sentence constitutes
cruel and unusual punishment. 
          In order to preserve a complaint for appellate review, a party must have
presented the trial court with a timely request, objection or motion. See Tex. R. App.
P. 33.1(a). Generally, an appellant must raise an error pertaining to his sentence or
punishment in the trial court in order to preserve it for appellate review. Mercado v.
State, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986). Because appellant did not object
to the sentence at trial, the issue of cruel and unusual punishment has been waived. 
See Idouwu v. State, 73 S.W.3d 918, 923 (Tex. Crim. App. 2002).
          Almost any right, constitutional or statutory, may be waived when the
defendant’s contentions were not raised by objection. Broxton v. State, 909 S.W.2d
912, 918 (Tex. Crim. App. 1995); Forbes v. State, 976 S.W.2d 749, 752 (Tex.
App.—Houston [1st Dist.] 1998, no pet.). By failing to present an objection at trial,
appellant waived his claim of cruel and unusual punishment. See Tex. R. App. P.
33.1(a)(1); Curry v. State, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995); Solis v.
State, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d).           Appellant’s sole point of error is overruled. 
Conclusion
          We affirm the judgment of the trial court. 
 
                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Taft, Keyes, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).