**John BAILEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–85–00522–CR.**

Court of Appeals of Texas,
San Antonio.

July 23, 1986.

Mark Stevens, San Antonio (Court-appointed on appeal only), for appellant.

Edward Shaughnessy, III, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before BUTTS, CANTU and TIJERINA, JJ.

## OPINION

TIJERINA, Justice.

This is a revocation of probation case. Appellant was convicted, on his plea of guilty, for the offense of robbery-repeater. The Court assessed punishment at five years confinement, but appellant was placed on probation. Subsequently, after a hearing, the court granted the state's motion to revoke probation.

At the hearing to revoke probation, appellant admitted that he was found guilty of the offense of robbery by threats and placed on probation, on the 8th day of October, 1981, for a period of five years. Thereafter, the prosecutor read to the court the motion to revoke alleging that appellant had violated the terms and conditions of his probation in the following particulars, to wit:

> Violated Condition No. 1: that thereafter and during the term of said probation the defendant, John D. Bailey aka John Bailey, in the County of Bexar, and the State of Texas, and on or about the 25th day of January A.D. 1985, did then and there intentionally and knowingly enter a building which was not then open to the public, with intent to commit theft without the effective consent of Teresa Cantu, the owner of said building, against the peace and dignity of the State, in violation of Condition No. 1.

To the allegation that he violated condition of probation No. 1, appellant pleaded, not true. The prosecutor then stated to the court the following:

> In response to defendant's plea of not true, I would ask the court to take judicial notice of the evidence that was presented in Cause No. 85–CR–0941 which the court heard today and would reurge that evidence on the motion to revoke probation.

Thereafter both sides rested and closed and the Court revoked appellant's probation.

■ It is appellant's contention that the evidence was insufficient to prove by a preponderance of the evidence that he violated Condition No. 1. We agree that probation may not be revoked without an affirmative finding of a violation of a condition of probation supported by a preponderance of the evidence. *Kulhanek v. State*, 587 S.W.2d 424, 426 (Tex.Crim.App.—1979). But in this case appellant apparently was in the same court with the judge that heard

the prior proceeding. The trial judge without objection is permitted to take judicial notice of testimony given in a prior trial and that can be used as the basis for revoking probation. *Barrientez v. State,* 500 S.W.2d 474, 475 (Tex.Crim.App.—1973). Appellant did not object to the court's taking judicial notice of the testimony in the prior proceedings and therefore did not preserve the error, if any. Without a proper objection, nothing is presented for review. *Broussard v. State,* 598 S.W.2d 873, 874 (Tex.Crim.App., en banc—1980). We are presented with the factual inconsistency of the state seeking to use a prior proceeding involving the defendant but citing a different cause number. The state cites *Barrientez v. State,* 500 S.W.2d 474, 475 (Tex. Crim.App.1973) for the proposition that a trial court may take judicial notice in a hearing to revoke probation of evidence introduced in a prior proceeding where the appellant was before the same judge in the same court in both cases. The appellant cites *Bradley v. State,* 564 S.W.2d 727, 732 (Tex.Crim.App.1978) for the proposition that a trial court may not take judicial notice in a hearing to revoke probation unless the record reflects one of three methods were used to reflect the testimony of which the trial court is to be judicially aware. The issue which distinguishes these two cases is whether the state is relying upon the prior proceeding in order to allege and prove the *commission* or the *conviction* of the offense. As in *Barrientez,* we hold in the instant case that both the wording of the motion to revoke probation and the order to revoke were worded to the effect that appellant *committed* the offense of burglary. Thus, the state sought to allege and move the commission, not the conviction, of the burglary offense. If we were to presume Judge Machado was not present at the prior trial, we would place an unreasonable burden upon the state to produce the same witnesses. *See Barrientez,* 500 S.W.2d at 475.

Finding no reversible error, the judgment is affirmed.