Ervin Joseph KENNERSON, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–96–00618–CR, 01–96–00917–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 25, 1998.

Rehearing Overruled Nov. 25, 1998.

Kent Schaffer, Houston, for Appellants.

Michael J. Guarino, B. Warren Goodson, Jr., Galveston, for Appellees.

Before Justices MIRABAL, WILSON, and TAFT.

## OPINION ON MOTION FOR REHEARING EN BANC

TIM TAFT, Justice.

Appellant, Ervin Joseph Kennerson, has filed a motion for rehearing en banc. We deny rehearing, but we withdraw our opinion of August 27, 1998, and, without substantive change, we issue in its stead this opinion, which we order published in part. Our judgments of August 27, 1998 remain unchanged.

A jury found appellant, Ervin Joseph Kennerson, guilty of two aggravated robberies and assessed his punishment at 99 years in prison in each case.[1] In 13 points of error, appellant contends: (1) the State exercised four peremptory strikes on the basis of race; (2) trial counsel was ineffective for not adequately preparing for trial and not presenting alibi witnesses; (3) the trial court erroneously denied appellant's motion to reopen to present a witness supporting appellant's misidentification theory; (4) the trial court erred by mishandling a jury note about parole eligibility; (5) the trial court fundamentally erred by not submitting a parole charge; (6) the

State presented factually insufficient evidence to prove identity; and (7) the trial court erred by denying appellant's pretrial motion for continuance. We affirm.

## Facts

On September 14, 1995, 78–year–old Mr. Neely and 74–year–old Mrs. Neely were at home in Friendswood. At about 9:00 p.m., appellant and another person invaded the Neelys' home. In the course of the offense, appellant kicked Mrs. Neely in the face, breaking her glasses. However, Mrs. Neely got a good view of him even without her glasses. Appellant placed a gun to Mrs. Neely's head and threatened to rape her in front of her husband if she did not tell him where her jewelry was hidden. Appellant and his accomplice stole several jewelry items and fled. When the police arrived, Mrs. Neely described one of the robbers as 6'4" and 200 plus pounds and the other (appellant) as 5'11" and 165 pounds.

Four days after the offense, Mrs. Neely met with Friendswood police to make a composite drawing of the person who assaulted her. The drawing depicted no facial hair, but did closely resemble appellant. Mrs. Neely described her assailant as a black male between the ages of 25 and 35. Two months later, and after Mrs. Neely had examined several police photospreads, she was able to identify appellant's photograph. Mr. Neely did not see either of the two individuals well enough to describe or identify them.

At trial, appellant presented his cousin, a barber who cut appellant's hair each week, to testify that appellant had facial hair during the time of the offense. A custodian of jail records testified that two months after the offense appellant was 5'11" and 150 pounds.

## Denial of Motion to Reopen

In point of error six, appellant contends that the trial court erred in denying his motion to reopen the case. After appellant rested, but before final arguments were made and the charge was read to the jury,

---

1. Mrs. Neely was the victim in trial court cause number 95CR1683, our cause number 01–96–00618–CR; Mr. Neely was the victim in trial court cause number 95CR1686, our cause number 01–96–00917–CR.

appellant sought to call Michael Pratt to testify that he saw appellant at a wedding on September 16, 1995, two days after the offense, and appellant had facial hair. A photograph of appellant, presumably showing facial hair, was offered in support of the motion. Defense counsel stated the testimony would take only about five minutes.

■■■ The decision whether to reopen is left to the sound discretion of the trial court. *Holifield v. State,* 599 S.W.2d 836, 837 (Tex. Crim.App.1980). The Code of Criminal Procedure provides that the trial court shall allow the introduction of testimony at any time before the conclusion of arguments in the case, if it appears necessary to the due administration of justice. TEX.CODE CRIM. P. ANN. art. 36.02 (Vernon 1989). The trial court commits error when it denies a motion to reopen for the purpose of introducing admissible evidence so long as the motion is timely made and does not interfere with the due and orderly administration of justice. *Vital v. State,* 523 S.W.2d 662, 664–65 (Tex. Crim.App.1975). Moreover, whether the evidence is cumulative should not influence the trial court's decision whether to reopen the case. *Id.* It is error not to reopen the case, in order to allow a witness to testify, when the following criteria are satisfied: (1) the witness is present and ready to testify; (2) the motion to reopen is made before final arguments and before the charge is read to the jury; (3) the movant states with specificity what testimony the witness is expected to give, and the importance the testimony carries; and (4) it is not apparent that the motion's purpose is to frustrate the due administration of justice. *Scott v. State,* 597 S.W.2d 755, 758 (Tex.Crim.App.1979).

The State claims appellant did not satisfy the requirement that the witness was present, ready to testify. We think a fair reading of the record reveals that the witness was present and ready to testify. Additionally, the motion was timely and specific, and there is no showing that it was made for the purpose of impeding or delaying the trial. Therefore, the trial court erred by not reopening to allow the testimony.

■■■ However, no error (except for certain federal, constitutional errors labeled by the United States Supreme Court as "structural") is categorically immune to a harmless error analysis. *High v. State,* 964 S.W.2d 637, 638 (Tex.Crim.App.1998) (citing *Cain v. State,* 947 S.W.2d 262, 264 (Tex.Crim.App. 1997)). Under the new rules of appellate procedure, there are two categories of error, with different standards for determining harm. *See* TEX.R.APP. P. 44.2. Constitutional violations are governed by rule 44.2(a), while other error is governed by rule 44.2(b). *Id.* Here, we deal with a statutory violation, so we apply rule 44.2(b): "any error, defect, irregularity, or variance that does not affect substantial rights of the accused in a criminal trial must be disregarded." TEX.R.APP. P. 44.2(b). A substantial right is affected when the error has a substantial and injurious effect or influence in determining the jury's verdict. *King v. State,* 953 S.W.2d 266, 271 (Tex.Crim.App.1997) (citing *Kotteakos v. United States,* 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946)).

■■■ In this case, appellant made a proffer that Mr. Pratt would testify appellant had facial hair on September 16, 1995, two days after the offense. Appellant sought to introduce Mr. Pratt's testimony in order to challenge Mrs. Neely's identification of appellant as the robber. However, the fact that appellant might have had facial hair two days after the offense does not controvert Mrs. Neely's testimony that she noticed no facial hair on the day of the robbery, because appellant could have grown it in the meantime. In addition, there is no evidence of how fast appellant's hair grows. Although Mrs. Neely did not notice facial hair, the composite drawing made from her description shows a darkness over the upper lip that could be mistaken for a mustache. Mr. Pratt's testimony does not show that appellant was misidentified or that appellant did not commit the offense. In view of the circumstances, we conclude that the trial court's denial of appellant's motion to introduce Mr. Pratt's testimony did not substantially influence the jury's verdict against appellant. Therefore, appellant has failed to demonstrate that his substantial rights were affected by the court's refusal to reopen the case. *See King,* 953 S.W.2d at 271. Thus, we must disregard

the trial court's error in denying appellant's motion to reopen the case. *See* Tex.R.App. P. 44.2(b). Accordingly, we overrule appellant's point of error six.

### Denial of Motion for New Trial

In point of error seven, appellant contends the trial court erred in denying his motion for new trial to present testimony of material witnesses. One of the requirements for obtaining a new trial based upon newly available evidence is that the evidence is admissible and not merely cumulative, corroborative, collateral, or impeaching. *Drew v. State,* 743 S.W.2d 207, 226 (Tex.Crim.App. 1987). Should it appear to the trial court that, under the circumstances, the weight or credibility of the new evidence would probably not bring about a different result in a new trial, it is within the discretion of the trial court to deny the motion. *Jones v. State,* 711 S.W.2d 35, 37 (Tex.Crim.App. 1986). A motion for new trial is addressed to the sound discretion of the trial court, and the trial court's decision, absent a showing of clear abuse of discretion, should not be disturbed on appeal. *Etter v. State,* 679 S.W.2d 511, 515 (Tex.Crim.App.1984).

The judge at the trial and at the hearing on the motion for new trial was the same. He could have determined that the weight of the evidence was not such as to bring a different result because Pratt's testimony about appellant's facial hair was (1) not necessarily contrary to Mrs. Neely's not noticing it two days before and (2) merely cumulative of appellant's cousin's testimony that appellant had facial hair. Evidence which is merely *cumulative* will rarely be judged by trial or appellate courts to be of such weight as likely to bring about a different result. *Id.* Accordingly, we hold the trial court did not abuse its discretion in denying appellant's motion for a new trial.

Therefore, we overrule appellant's point of error seven.

The discussion of the remaining points of error does not meet the criteria for publication, Tex.R.App. P. 47, and is thus ordered not published. We affirm the judgments of the trial court.

A majority of the justices of the Court voted to overrule the motion for rehearing en banc.

Justice O'CONNOR dissenting from the overruling of the motion for rehearing en banc.

O'CONNOR, Justice, dissenting from denial of en banc.

I dissent from the en banc court's denial of the appellant's motion for rehearing en banc on the panel's resolution of the appellant's points of error six and seven in his brief (points one and two in the motion for rehearing en banc). I agree with the panel that the trial court erred when it refused to permit the appellant to reopen, but I disagree that we can disregard the error because it did not affect a substantial right of the appellant. *See* Tex.R.App. P. 44.2(b).

A defendant in a criminal proceeding is entitled to due process of law, due course of law, and a fair trial. *See* U.S. Const. amend 5 and 14; Tex. Const. art. 1, § 19. Inherent in such rights is the right to present a defense by calling witnesses and presenting evidence. *See Chambers v. Mississippi,* 410 U.S. 284, 294, 93 S.Ct. 1038, 1045, 35 L.Ed.2d 297 (1973).

Texas Code of Criminal Procedure § 36.02 provides, "The court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice." It is reversible error for the trial court to refuse a timely request to reopen to produce admissible evidence, regardless of its weight or the issue upon which it is offered, so long as it does not threaten to unduly impede the trial. *Rogers v. State,* 774 S.W.2d 247, 263 (Tex.Crim.App.1989). The trial court commits error in not reopening the case when the following conditions are met: (1) the witness was present and ready to testify; (2) the request to reopen was made before the charge was read to the jury and final arguments were made; (3) the judge had some indication of what the testimony would be, and was satisfied that the testimony was material and bore directly on the main issues in the case; and (4) there is

no showing that introduction of the testimony would have impeded the trial or interfered with the orderly administration of justice. *Tucker v. State,* 578 S.W.2d 409, 410 (Tex.Crim.App.1979); *Forbes v. State,* 976 S.W.2d 749, 752 (Tex.App.—Houston [1st Dist.], n. pet. h.).

At trial, the sole issue was the identity of the assailant on September 14, 1995. Only one of the two witnesses identified the appellant as the person who assaulted and robbed them. That witness, an elderly lady, testified she was only able to see the intruder for a few seconds before her glasses were knocked off. She testified she did not notice any facial hair on the assailant on the night of the robbery. The drawing of the assailant, which she assisted the police in creating, did not show any facial hair.

Just after the appellant rested, the appellant made a motion to reopen his case to present the testimony of Mike Pratt, who would testify that when he saw the appellant at a wedding on September 16, 1995, two days after the robbery, the appellant had facial hair. Through Pratt, the appellant wanted to introduce a photograph showing the appellant with facial hair, similar to how he looked on September 16, 1995. Defense counsel informed the court the testimony would take only five minutes. The court denied the motion.

On appeal, the appellant complains of both a statutory violation as well as a violation of his constitutional right to due process. The majority found "[h]ere, we deal with a statutory violation . . . ," without addressing the nature of the error. I believe the error was constitutional. When the trial court denied the appellant's motion to reopen, it denied him his rights under due process and due course of law. Thus, the error was constitutional. *Cf. Williams v. State,* 958 S.W.2d 186, 194 n. 9 (Tex.Crim.App.1997). The panel should have applied Texas Rule of Appellate Procedure 44.2(a) to address the issue of harm. Under Rule 44.2(a), the State bears the burden to prove that the error made no contribution to the appellant's conviction or punishment.

Even if the error was merely statutory, as the panel opinion holds, I disagree with the panel that the error did not affect the appellant's substantial rights. The appellant's right to a fair trial, conducted under principles of due process and due course of law, was a substantial right that was undermined by the trial court's refusal to permit the appellant to reopen. When weighed against the short delay in the trial that would have resulted from granting the motion, the refusal to grant the motion was unconscionable. *Compare with Wilkinson v. State,* 423 S.W.2d 311, 313 (Tex.Crim.App.1968) (permitting defendant to reopen would have produced "indefinite delay").

Because the evidence of identity was central to the State's case and to appellant's defense, we cannot conclude beyond a reasonable doubt that the error in refusing to permit the appellant to reopen did not contribute to his conviction. *See Phillips v. State,* 878 S.W.2d 617, 619 (Tex.App.—Corpus Christi 1994, no pet.) (case reversed because defendant was not permitted to reopen to introduce evidence that was relevant to defendant's alibi and defense).

I would reverse.