No. 04-99-00611-CR


James REBECTOR,


Appellant



v.



The STATE of Texas,


Appellee



From the 144th Judicial District Court, Bexar County, Texas


Trial Court No. 96-CR-1186


Honorable Mark R. Luitjen, Judge Presiding



Opinion by: Phil Hardberger, Chief Justice


Sitting: Phil Hardberger, Chief Justice

 Alma L. López, Justice

 Paul W. Green, Justice

 

Delivered and Filed: June 14, 2000


AFFIRMED


 James Rebector appeals the trial court's judgment revoking his probation and sentencing him
to two years confinement in a state jail facility. In a single point of error, Rebector claims the trial
court erred in failing to protect his due process rights. Rebector contends that the trial court violated
his right to confront and cross-examine witnesses when the trial court erroneously took judicial notice
of his conviction in a prior proceeding. In addition, Rebector asserts that the trial court deprived him
of the opportunity to present witnesses in his own defense by denying defense counsel's request to
reopen the evidence. We overrule Rebector's point of error and affirm the trial court's judgment.

Procedural History


 In November of 1996, Rebector was convicted of possession of cocaine and was placed on
community supervision for a period of five years. In May of 1998, the State filed a motion to revoke
Rebector's probation, asserting that he violated various conditions of his probation including the first
condition that prevented him from committing or being convicted of any offense against the laws of
the State of Texas. Specifically, the motion to revoke stated that Rebector violated this condition by
intentionally and knowingly possessing cocaine on or about April 28, 1998.

 Rebector pled "not true" to the State's allegations. The State requested the trial judge to take
judicial notice of the fact that Rebector was found guilty by a jury of possessing cocaine on or about
April 28, 1998. The State noted that the trial for that offense was before the same trial judge
considering the motion to revoke. Rebector interposed an objection and requested a new trial. The
trial court took judicial notice of the evidence that was adduced at the prior trial and found that
Rebector violated his first condition of probation. In response to the trial court's inquiry as to
whether any legal reason precluded sentencing, defense counsel stated there was no legal reason;
however, defense counsel further stated:

 But I would ask that you - prior to your finding, Judge, that you rescind your finding
and allow me to bring Mr. Anthony Robinson, who was subpoenaed in the original
trial under 98-CR-3488 on Mr. Rebector's behalf with regards to the allegations
contained in the Motion to Revoke. He has been served with a subpoena. He is in
a halfway house in Houston, unbeknownst to me until this morning, and we ask that
you rescind your finding and allow me to bring him to testify in Mr. Rebector's behalf,
not only on the case we're on trial on right now, but also the MTR.


The trial court denied the request and sentenced Rebector to two years confinement in the state jail
facility.

Judicial Notice


 Rebector first complains about the trial court taking judicial notice of the trial in which he was
convicted of possession of cocaine on or about April 28, 1998. Rebector asserts that by taking
judicial notice of the prior trial, the trial court deprived him of the right to confront and cross-examine
witnesses. However, it is well-established that a trial judge has the authority to take judicial notice
at a revocation hearing of the evidence heard in a prior criminal trial of the probationer if the same
trial judge presided over the prior trial. See Bradley v. State, 564 S.W.2d 727, 729 (Tex. Crim. App.
1978); Barrientez v. State, 500 S.W.2d 474, 475 (Tex. Crim. App. 1973); Garza v. State, 996
S.W.2d 276, 280 n.2 (Tex. App.--Dallas 1999, pet. ref'd); Bailey v. State, 713 S.W.2d 791, 793
(Tex. App.--San Antonio 1986, pet. ref'd). Rebector's first complaint is overruled.

Reopening Evidence


 Rebector's second complaint is that the trial judge deprived him of the opportunity to present
witnesses when he refused to reopen the evidence. The decision whether to reopen evidence is
generally left to the sound discretion of the trial court. See Holifield v. State, 599 S.W.2d 836, 837
(Tex. Crim. App.1980); Kennerson v. State, 984 S.W.2d 705, 707 (Tex. App.--Houston [1st Dist.]
1998, pet. ref'd). The Code of Criminal Procedure provides that the trial court shall allow the
introduction of testimony at any time before the conclusion of arguments in the case, if it appears
necessary to the due administration of justice. See Tex. Code. Crim. Proc. Ann. art. 36.02 (Vernon
1989). A trial court commits error when it denies a motion to reopen for the purpose of introducing
admissible evidence if the motion is timely made and does not interfere with the due and orderly
administration of justice. See Vital v. State, 523 S.W.2d 662, 664-65 (Tex. Crim. App.1975),
Kennerson, 984 S.W.2d at 707. It is error not to reopen the case, in order to allow a witness to
testify, when the following criteria are satisfied: (1) the witness is present and ready to testify; (2)
the motion to reopen is made before final arguments and before the charge is read to the jury; (3) the
movant states with specificity what testimony the witness is expected to give, and the importance the
testimony carries; and (4) it is not apparent that the motion's purpose is to frustrate the due
administration of justice. See Scott v. State, 597 S.W.2d 755, 758 (Tex. Crim. App.1979);
Kennerson, 984 S.W.2d at 707.

 In this case, it is unclear from the record whether the witness was present and ready to testify.
Although defense counsel stated that the witness had been served with a subpoena, it appeared from
defense counsel's statements that the witness was in a halfway house in Houston, not present in the
courtroom. In addition, the motion to reopen was made after the trial court had rendered its verdict.
Defense counsel failed to state with specificity the testimony the witness was expected to give.
Defense counsel merely stated that the witness would testify on Rebector's behalf with regard to the
allegations contained in the motion to revoke. Given the tenor of the proceedings, the trial court
could have concluded that the motion to reopen was simply an attempt to delay sentencing. We
conclude that the trial court did not abuse its discretion in denying Rebector's request to reopen
evidence. Rebector's second complaint is overruled.

Conclusion


 The judgment of the trial court is affirmed.

 PHIL HARDBERGER, 

 CHIEF JUSTICE


DO NOT PUBLISH