

NUMBER 13-09-616-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**HECTOR ROQUE SALINAS JR.,**                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                          **Appellee.**

---

### On appeal from the 94th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

**Before Justices Garza, Vela, and Perkes**
**Memorandum Opinion by Justice Vela**

Appellant, Hector Roque Salinas Jr., was indicted on five counts of indecency with

a child by contact, a second-degree felony.  *See* TEX. PENAL CODE ANN. § 21.11(a)(1)

(West Supp. 2010). The indictment alleged that Salinas had a prior conviction for aggravated sexual assault of a child. A jury convicted Salinas of three counts of indecency with a child by contact, and after finding that he had not been previously convicted of aggravated sexual assault of a child, assessed punishment at twenty years' imprisonment and a $10,000 fine for each count. The trial court ordered the sentences to run consecutively. By five issues, Salinas argues that: (1) the prosecutor used perjured testimony; (2) the trial court abused its discretion in excluding evidence; (3) section 12.42(g) of the Texas Penal Code violates due process; (4) the trial court erred in refusing to allow the defense to reopen; and (5) the trial court erred in overruling defense counsel's objection to the prosecutor's jury argument. We affirm.[1]

## I. DISCUSSION

### A. Alleged Use of Perjured Testimony

In issue one, Salinas argues he was denied due process by the prosecutor's alleged use of material perjured testimony. During the guilt-innocence phase, the State called a rebuttal witness, Corpus Christi police officer J.R. Rodriguez, who testified that in 1994 and 1995, he investigated cases involving sexual-abuse victims allegedly victimized by Salinas. Salinas argues that no corroborating physical evidence of these allegations exists and that Officer Rodriguez's "testimony to the contrary was perjurious."

Rule 33.1 of the Texas Rules of Appellate Procedure governs preservation of error, and states, in part:

---

[1]Salinas does not challenge the sufficiency of the evidence to support his convictions. As this is a memorandum opinion, and the parties are familiar with the facts, we will not recite them here except as necessary to explain the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

2

(a) In General.   As a prerequisite to presenting a complaint for appellate review, the record must show that:

> (1) the complaint was made to the trial court by a timely request, objection, or motion that:

> (A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context;

TEX. R. APP. P. 33.1.

This rule encompasses the concept of "party responsibility."   *Reyna v. State*, 168 S.W.3d 173, 176 (Tex. Crim. App. 2005).   "The complaining party bears the responsibility of clearly conveying to the trial judge the particular complaint, including the precise and proper application of the law as well as the underlying rationale."   *Id.* at 177. "To avoid forfeiting a complaint on appeal, the party must 'let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it.'"   *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)).   This method gives the trial court and the opposing party a chance to correct the error.   *Id.*   "Whether a party's particular complaint is preserved depends on whether the complaint on appeal comports with the complaint made at trial.   In making this determination, we consider the context in which the complaint was made and the parties' shared understanding at that time."   *Id.* (footnote omitted).

Here, defense counsel did not object at trial that any part of Officer Rodriguez's testimony was either perjurious or constituted perjured testimony.   Thus, Salinas did not

satisfy his "responsibility of clearly conveying to the trial judge the particular complaint, including the precise and proper application of the law as well as the underlying rationale." *Reyna*, 168 S.W.3d at 177. We hold, therefore, that Salinas did not preserve this complaint for appellate review. *See* TEX. R. APP. P. 33.1; *Reyna*, 168 S.W.3d at 177. Issue one is overruled.

## B. Exclusion of Evidence

In issue two, Salinas argues the trial court abused its discretion by excluding evidence that he was innocent of an extraneous offense to which he had pleaded guilty in trial court cause no. 95-CR-920-D.[2]

### 1. Background

During the guilt-innocence phase, Salinas, on direct-examination, denied that he had improperly touched the alleged victims in this case or "any other child[.]" During Salinas' cross-examination, the prosecutor asked him, "So your testimony to this jury is that you've never touched any children— . . . inappropriately?" In response, he said, "That is correct." While still on cross-examination, Salinas identified State's exhibit 18[3] as the "judicial confession and stipulation" in cause no. 95-CR-920-D. When the prosecutor asked Salinas to read from the exhibit, Salinas stated, in relevant part, as follows:

> I am pleading guilty to the offense of aggravated sexual assault of a child because I am guilty. My plea is freely, voluntarily, knowingly and intelligently given. On this day, in open court, I, Hector Salinas, waive my right against self-incrimination and hereby judiciously [sic] confess that on October 13, 1994, in Nueces County, Texas, I did then and there, by

---

[2]This is not the offense alleged in the indictment for enhancement purposes.

[3]The trial court admitted State's exhibit 18 into evidence.

inserting his penis intentionally or knowingly cause the penetration of a [victim's name], a male child younger than 14 years of age who was not then the spouse of the defendant.

When the prosecutor asked Salinas, "Now, it says you did there intentionally or knowingly insert your penis into the anus of [victim's name]; is that correct?", he said, "That is what that states."

After Salinas finished testifying, defense counsel offered into evidence the Nueces County MHMR medical records of the alleged victim in cause no. 95-CR-920-D. These records show that the victim told an MHMR counselor that he was abused by his stepfather. These records do not indicate that Salinas abused the victim. The trial court excluded the records[4] on the grounds that the custodian of records was not present to testify and that defense counsel could not "collaterally attack" the judgment in cause no. 95-CR-920-D.

### 2. Applicable Law and Analysis

A trial court's decision to admit or exclude evidence is reviewed under an abuse-of-discretion standard. *Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002). "The trial court abuses its discretion when the decision lies outside the zone of reasonable disagreement." *McCarty v. State*, 257 S.W.3d 238, 239 (Tex. Crim. App. 2008). "[I]f the trial court's evidentiary ruling is correct on any theory of law applicable to that ruling, it will not be disturbed even if the trial judge gave the wrong reason for his right ruling." *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

Medical records are hearsay but may be admitted as a business record. *See* TEX. R. EVID. 801(d), 803(6). To be admitted as a business record, the medical record must

---

[4]The trial court did allow defense counsel to make a bill of exceptions.

be "made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the . . . record. . . ." TEX. R. EVID. 803(6). All of these elements must be "shown by the testimony of the custodian or other qualified witness, . . . ." *Id.*

Here, defense counsel tried to admit the MHMR records through the testimony of Alice Serrano. Serrano testified she was a disability advocate with MHMR and was familiar with their records. However, she did not lay the predicate for the introduction of the alleged victim's statements to MHMR as a business record. She did not testify that the alleged victim's statements were kept in the course of a regularly conducted business activity or that it was a regular practice to keep records of such statements. She was not the custodian of records and did not make the records. There was no evidence that the records were business records. Thus, the trial court's decision to exclude the records did not fall outside the zone of reasonable disagreement. *See McCarty,* 257 S.W.3d at 239. We hold that the trial court did not abuse its discretion by excluding these records. Issue two is overruled.

## C. Violation of Due Process

In issue three, Salinas argues that Section 12.42(g) of the Texas Penal Code "is a violation of Due Process."

### 1. Application of Section 12.42(g)

Subsection 12.42(g)(1) allows unrevoked probations and deferred adjudications of certain offenses to be used for enhancement purposes. *See* TEX. PENAL CODE ANN. §

12.42(g)(1) (West Supp. 2010). Subsection 12.42(g)(2) permits prior convictions from other states to be used for enhancement. *See id.* § 12.42(g)(2).

In this case, the jury convicted Salinas of three counts of indecency with a child by contact, and the punishment charge included a separate verdict form for each of the three counts. On each of these verdict forms, the jury declined to find that Salinas had been previously convicted of a felony offense i.e., aggravated sexual assault of a child.

### 2. Doctrine of Mootness

The doctrine of mootness limits courts to deciding cases in which an actual controversy exists. *Clements v. Haskovec*, 251 S.W.3d 79, 84 (Tex. App.–Corpus Christi 2008, no pet.). "An issue becomes moot when the controversy ceases to exist, and courts have no jurisdiction to issue advisory opinions under the Texas Constitution." *Ngo v. Ngo*, 133 S.W.3d 688, 691 (Tex. App.–Corpus Christi 2003, no pet.) (citing *Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000)). Here, the jury, when assessing punishment for each of the three counts, declined to find that Salinas had a previous conviction for aggravated sexual assault of a child. Thus, there is no controversy because Salinas' punishment for each count of indecency with a child by contact was not enhanced under the provisions of section 12.42. We hold therefore that the issue is moot. *See id.* Issue three is overruled.

### D. Request to Reopen

In issue four, Salinas argues the trial court erred by denying his request to reopen the case. During the guilt-innocence phase, the prosecutor made the following argument to the jury: "I'd also like to talk about the children [sic] have not accused

anyone else. There's been no evidence that these little boys[5] or the prior little boys[6] accused anyone else ever in their life of molesting them." After the prosecutor completed her closing argument, defense counsel objected that "she [the prosecutor] told the jury that there was no evidence that any of those boys were molested by somebody else." Defense counsel told the trial court, "I want to reopen the evidence and put that [the MHMR records discussed in issue two] in." The trial court denied the request to reopen.

The decision to reopen a case is left to the trial court's sound discretion. *Kennerson v. State*, 984 S.W.2d 705, 707 (Tex. App.–Houston [1st Dist.] 1998, pet. ref'd). Thus, we review the trial court's decision not to reopen evidence under an abuse-of-discretion standard. *See Thompson v. State*, 480 S.W.2d 624, 629 (Tex. Crim. App. 1972). "A trial judge is required to reopen a case under Art. 36.02 [of the Texas Code of Criminal Procedure] only if the proffered evidence is 'necessary to a due administration of justice.'" *Peek v. State*, 106 S.W.3d 72, 79 (Tex. Crim. App. 2003) (quoting article 36.02 (West 2007)). "[A] 'due administration of justice' means a judge should reopen the case if the evidence would materially change the case in the proponent's favor." *Id.*

Here, defense counsel sought to reopen the case in order to introduce the MHMR records of a boy whom Salinas had pleaded guilty to sexually abusing. The MHMR records indicate the boy had told an MHMR counselor that his stepfather had sexually

---

[5]This is a reference to the victims in the instant case.

[6]This is a reference to the victim alleged in the enhancement allegation and to the victim alleged in cause no. 95-CR-920-D, which was discussed in issue two.

8

abused him. The records did not indicate that Salinas had sexually abused him. We have previously stated in issue two that the trial court did not err in excluding the MHMR records. Even assuming the records were admissible, defense counsel sought to introduce them in order to show that one of Salinas' alleged victims in a previous case had also accused someone else of molesting him. The proffered evidence does not concern any of the victims in the present case. Thus, the proffered evidence would not have materially changed the case in the proponent's favor. We hold that the trial court did not abuse its discretion by denying defense counsel's request to reopen the case. Issue four is overruled.

## E.   Closing Argument

In issue five, Salinas argues the trial court erred in overruling his defense counsel's objection to the prosecutor's allegedly improper closing argument to the jury. As previously noted, during the guilt-innocence phase, the prosecutor argued to the jury: "I'd also like to talk about the children [sic] have not accused anyone else. There's been no evidence that these little boys or the prior little boys accused anyone else ever in their life of molesting them." Defense counsel did not immediately object to this portion of the prosecutor's closing argument. After the prosecutor completed her entire closing argument, defense counsel objected that the above-quoted argument was "an intentional deception to the jury." The trial court overruled the objection.

"As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion." *McDonald v. State*, 186 S.W.3d 86, 91 (Tex. App.–Houston [1st Dist.] 2005, no

pet.) (applying rule to jury argument) (citing TEX. R. APP. P. 33.1(a)(1)). "A party's complaint is regarded as timely when it was 'made as soon as the ground for complaint is apparent or should be apparent.'" *Lovill v. State*, 319 S.W.3d 687, 692 (Tex. Crim. App. 2009) (quoting *Aguilar v. State*, 26 S.W.3d 901, 906 (Tex. Crim. App. 2000)); *see Turner v. State*, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991) (stating that "[t]o preserve error for appellate review, the complaining party must make a timely, specific objection. The objection must be made at the earliest possible opportunity.").

Here, the ground for complaint became apparent when the prosecutor made the complained-of argument. The record does not show that the ground for complaint did not become apparent until the prosecutor completed her entire closing argument. Thus, the objection was untimely because it should have been lodged as soon as the prosecutor made the complained-of argument. We therefore hold that Salinas failed to preserve this complaint for appellate review. *See* TEX. R. APP. P. 33.1(a); *Penry v. State*, 903 S.W.2d 715, 764 (Tex. Crim. App. 1995) (holding that in the context of jury argument, the defendant, "[b]y failing to object at the earliest possible moment, . . . has preserved nothing for [appellate] review."); *see Curtis v. State*, 640 S.W.2d 615, 618 (Tex. Crim. App. 1982) (holding that in the context of jury argument, "when a comment, remark, assertion or line of argument is deemed improper the time to redress and cure it is when it is made, and the means is the contemporaneous objection that invoke palliative responses from the trial judge."). Issue five is overruled.

## II. CONCLUSION

We affirm the trial court's judgment.

ROSE VELA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
12th day of May, 2011.

11