**Opinion filed August 21, 2015**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-14-00032-CR & 11-14-00033-CR

_____

### RICKEY GENE PIPPIN, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 297th District Court**
**Tarrant County, Texas**
**Trial Court Cause Nos. 1224614D & 1288659D**

### M E M O R A N D U M   O P I N I O N

The grand jury returned two indictments against Appellant, Rickey Gene Pippin: one for unlawful possession of a firearm and the second for bail jumping.[1] He pleaded guilty to each offense and pleaded "true" to the enhancement allegations that were contained in the "Habitual Offender Notice" in each indictment. The jury found him guilty, found the enhancement allegations in the habitual offender notice to be "true" for each indictment, and assessed punishment

---

[1]TEX. PENAL CODE ANN. § 38.10 (Bail Jumping and Failure to Appear), § 46.04 (Unlawful Possession of Firearm) (West 2011).

at confinement for ninety-nine years in each case. The trial court sentenced him accordingly. Appellant argues in both appeals the sole issue that the trial court erred when it denied his *Batson*[2] challenge. We affirm.

## I. *Voir Dire Proceeding*

Of the sixty members that comprised the venire panel, six were African-Americans: Veniremember Nos. Seven, Eight, Fourteen, Seventeen, Eighteen, and Forty-six. Both the State and Appellant[3] agreed to dismiss Veniremember Nos. Fourteen and Forty-six for cause. Appellant used a peremptory strike on Veniremember No. Seven. The State used peremptory strikes on Veniremember Nos. Seventeen and Eighteen. Veniremember No. Eight sat on the jury.

Appellant raised a *Batson* challenge against the State's strikes of Veniremember Nos. Seventeen and Eighteen. The State argued that Veniremember No. Seventeen had previous theft charges against her and that Veniremember No. Eighteen had had a bad experience with police in the past. The State further argued that, although Veniremember No. Eighteen said he could be fair, he hesitated before he answered; that was why the State struck him. The trial court denied Appellant's *Batson* challenge, and found "that the State exercised its challenges . . . for racially neutral reasons, and that the defense has failed to establish a pattern of racial discrimination." Appellant challenges, on appeal, the ruling of the trial court as to Veniremember No. Eighteen.

## II. *Analysis*

Three steps are involved in a *Batson* challenge to the State's use of peremptory strikes. The defendant must first make a prima facie showing of racial discrimination. *Hernandez v. New York*, 500 U.S. 352, 358 (1991). After the defendant makes a prima facie showing of racial discrimination, the State must

---

[2]*See Batson v. Kentucky*, 476 U.S. 79 (1986).

[3]Appellant is Caucasian.

articulate a race-neutral explanation for its strike. *Batson*, 476 U.S. at 97–98; *Guzman v. State*, 85 S.W.3d 242, 245 (Tex. Crim. App. 2002). The third step requires the defendant to carry the burden of persuasion that the State's neutral explanation is a "pretext" to disguise racial discrimination. *Jackson v. State*, 442 S.W.3d 771, 774 (Tex. App.—Texarkana 2014, no pet.) (citing *Batson*, 476 U.S. at 98); *see Keeton v. State*, 724 S.W.2d 58, 65 (Tex. Crim. App. 1987) (*Keeton I*). The trial court must determine the fact question of whether the race-neutral reason proffered by the State is a mere pretext for purposeful discrimination. *Watkins v. State*, 245 S.W.3d 444, 447 (Tex. Crim. App. 2008); *Jackson*, 442 S.W.3d at 774.

### A. Standard of Review

On a *Batson* challenge, we examine the evidence in the light most favorable to the ruling of the trial court and determine whether the record supports the findings of the trial court. *See Keeton v. State*, 749 S.W.2d 861, 870 (Tex. Crim. App. 1988) (*Keeton II*). Our review of the record is "highly deferential" to the trial court. *Gibson v. State*, 144 S.W.3d 530, 534 (Tex. Crim. App. 2004). If the record contains sufficient evidence to support the trial court's findings that there was no purposeful racial discrimination, those findings will not be disturbed. *Id.* We may not substitute our judgment for that of the trial court. *Nieto v. State*, 365 S.W.3d 673, 681 (Tex. Crim. App. 2012).

### B. Batson Challenge: Steps One and Two

No one claimed that Appellant failed to make a prima facie showing of racial discrimination under the first step. Moving to the second step, the State had to provide a race-neutral explanation for its strike. A race-neutral explanation "means an explanation based on something other than the race of the juror." *Hernandez*, 500 U.S. at 360; *see Watkins*, 245 S.W.3d at 447. If race-neutral on its face, the reason offered by the State will be deemed race-neutral unless a discriminatory intent is inherent in the State's explanation of its strike.

3

*Guzman*, 85 S.W.3d at 246. And, if the State offers a facially valid explanation for its strike, it has rebutted the presumption of purposeful discrimination. *Williams v. State*, 804 S.W.2d 95, 101 (Tex. Crim. App. 1991).

A bad experience with police and hesitancy in answering a question are both valid, race-neutral reasons for striking a veniremember. *Kennerson v. State*, 984 S.W.2d 705 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd) (unpublished in part, available online) (hesitancy); *Davis v. State*, 964 S.W.2d 352, 355 (Tex. App.— Fort Worth 1998, no pet.) (experience with police). The State questioned the veniremembers about their experiences with law enforcement, and Veniremember No. Eighteen stated that he had had a bad experience with police before but could be fair. One of the prosecutors gave the first explanation for striking Veniremember No. Eighteen—that he had had a bad experience with police officers. The other prosecutor explained further that Veniremember No. Eighteen hesitated before he gave his answer that he could be fair toward police officers as witnesses. The State's explanations, that they struck Veniremember No. Eighteen because he had had a bad experience with police and because he hesitated when he answered whether he could be fair, are race-neutral and satisfied the State's burden that requires articulation of a nondiscriminatory reason for the strike. *See Keeton I*, 724 S.W.2d at 65; *Kennerson*, 984 S.W.2d 705 (holding that hesitancy is a permissible reason for striking a panelist from the venire); *Davis*, 964 S.W.2d at 355 (holding that a bad experience with police is a permissible reason for striking a panelist from the venire).

*C. Batson Challenge: Step Three*

The third step requires the defendant to carry the burden of persuasion that the neutral explanation provided by the State was a "pretext" to disguise racial discrimination. *Keeton I*, 724 S.W.2d at 65; *Jackson*, 442 S.W.3d at 774. The trial court must then determine whether the defendant has proved purposeful racial

discrimination. *Grant v. State*, 325 S.W.3d 655, 657 (Tex. Crim. App. 2010) (citing *Batson*, 476 U.S. at 96–98). Five nonexclusive factors to consider when determining if the State's race-neutral explanation is genuine include whether:

(1)  the reason given by the State is related to the facts of the case;

(2)  the State performed a meaningful examination of the challenged venireperson;

(3)  the State did not strike other venirepersons with the same or similar traits as the challenged venireperson;

(4)  there was a disparate examination of the challenged venireperson when compared to the examination of the unchallenged venirepersons; and

(5)  the State based its explanation on a group bias even though the specific trait was not shown to apply to the challenged venireperson.

*Williams*, 804 S.W.2d at 106; *see Keeton II*, 749 S.W.2d at 866. Disparate treatment of veniremembers, which is a factor the trial court may consider, may include the State's failure to question minority veniremembers before striking them or the State's striking of minority veniremembers who gave similar answers as majority veniremembers, when the latter were not struck by the State. *Young v. State*, 826 S.W.2d 141, 145 (Tex. Crim. App. 1991). And, if the State gives "mixed motives" for striking a veniremember and the defendant makes a prima facie showing of discriminatory purpose, the State "must demonstrate that [it] would have exercised the peremptory strike even if the improper factor had not existed or contributed to the decision to strike the prospective juror." *Guzman*, 85 S.W.3d at 253, 254. Furthermore, the defendant, for the first time on appeal, may raise disparate treatment to show the State's race-neutral explanation was, in fact, a pretext. *Young*, 826 S.W.2d at 145.

Appellant contends that the State showed disparate treatment toward Veniremember No. Eighteen, that the State misstated Veniremember No. Eighteen's response to questioning, and that the State gave additional reasons

5

that were inapplicable to *Batson*. The State told the trial court that it struck Veniremember No. Eighteen because he had had a bad experience with police officers and because he had hesitated before he answered that he could be fair toward police officers as witnesses. This occurrence is proved on the record because it was not rebutted. *See Nieto*, 365 S.W.3d at 680; *Yarborough v. State*, 947 S.W.2d 892, 895 (Tex. Crim. App. 1997). And, contrary to Appellant's contention that "- -" missing from the reporter's record shows that no hesitation occurred, the reporter appears to use "--" to show breaks that occur while a person was speaking, not hesitation prior to speaking.

Although other veniremembers may have had similar answers to Veniremember No. Eighteen and were not struck, the record does not indicate that any of those veniremembers hesitated in their answers about being fair. Furthermore, even though the State gave additional inapplicable reasons for the strike, the trial court was the judge of their credibility, and we defer to the judgment of the trial court. *See Thaler v. Haynes*, 559 U.S. 43, 49 (2010). The trial court's ruling—that the State did not exercise disparate treatment toward Veniremember No. Eighteen—is supported by the record. *See Young*, 826 S.W.2d at 145. Appellant has failed to meet his burden to show that the State engaged in purposeful racial discrimination in its challenge to Veniremember No. Eighteen. We overrule Appellant's sole issue in each appeal.

III. *This Court's Ruling*

We affirm the judgments of the trial court.

August 21, 2015                                                    MIKE WILLSON

Do not publish. *See* TEX. R. APP. P. 47.2(b).              JUSTICE

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

6