**Affirmed and Memorandum Opinion filed August 4, 2016.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-15-00293-CR

---

### BRANDON MARLO MILLER, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 405th District Court
Galveston County, Texas
Trial Court Cause No. 12CR1637**

---

### M E M O R A N D U M    O P I N I O N

A jury convicted appellant Brandon Miller of murder and sentenced him to 65 years in prison and a $5000 fine. Appellant appeals his conviction and seeks a new trial because the trial court allowed the State to reopen its case during the punishment phase to introduce evidence of appellant's gang affiliation. We hold the trial court did not abuse its discretion in granting the State's request to reopen its case. We therefore affirm the trial court's judgment.

## BACKGROUND

In June 2012, Terrie Moffett contacted appellant, who she also knew as "Pacman," to purchase cocaine for her husband, Brandon Kirksey. According to Moffett, appellant told her to meet him at his "trap house" to purchase the cocaine. Moffett and the complainant, Robert Lyles, then drove to Texas City to meet appellant. When Moffett and Lyles arrived at appellant's trap house, appellant instructed them to follow him to the rear of the house. Rather than entering the house, appellant led them to a shed located behind the house.

Moffett testified that she and Lyles entered the shed, and appellant stood at the doorway. Appellant pointed a gun at Moffett and Lyles and ordered them to give him everything they had. After Moffett and Lyles gave appellant their cellphones, jewelry, and other items, appellant shot Lyles twice and shot Moffett eight times. Appellant then turned and shot Lyles once more before leaving.

Moffett crossed an adjacent field and sought help at a neighboring house. When police arrived, Moffett was severely wounded, but was able to tell them that Pacman had shot her. Kirksey, Moffett's husband, testified that he later told police that the man Moffett referred to as Pacman was appellant, and he identified appellant in a photo lineup.

Captain Brian Goetschius of the Texas City Police Department testified that after appellant was in custody, he was advised of his rights regarding an interrogation, and he agreed to waive his rights and speak with police. In the course of the investigation, appellant provided several written statements to Captain Goetschius.

Appellant was indicted for the offense of capital murder, and a jury trial followed. During the guilt-innocence phase of trial, the State offered into evidence

one of appellant's written statements. The statement was redacted to withhold appellant's admissions regarding his gang affiliation, and the trial court admitted the redacted statement. At the conclusion of the evidence, the jury found appellant guilty of the lesser-included offense of murder.

At the punishment phase, the State offered and the trial court admitted all evidence previously admitted at the guilt-innocence phase as well as some additional exhibits. The State also read a stipulation of evidence regarding other offenses committed by appellant. The State then rested and the trial was adjourned for the day.

At the beginning of the next trial day, the State requested to reopen its case under section 36.02 of the Texas Code of Criminal Procedure. The State sought to admit the portion of appellant's written statement that had been redacted during the guilt-innocence phase of trial. Over defense counsel's objection, the trial court granted the State's request to reopen its case. The State recalled Captain Goetschius and offered the previously redacted portion of the statement into evidence. Captain Goetschius also testified that the tattoo appellant showed him during the interview represented appellant's affiliation with the gang known as "The Bloods." The State rested, and the defense presented its punishment case.

Following closing arguments, the jury sentenced appellant to 65 years in prison and a $5000 fine. This appeal followed.

## ANALYSIS

### I. Standard of review and applicable law

Whether to reopen a case is a decision committed to the sound discretion of the trial court. *Kennerson v. State*, 984 S.W.2d 705, 707 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd). We therefore review the trial court's decision for an abuse

of discretion and reverse only if the decision was arbitrary or unreasonable. *Smith v. State*, 290 S.W.3d 368, 373 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd); *see also State v. Mechler*, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005) (discussing test for abuse of discretion generally).

Article 36.02 of the Texas Code of Criminal Procedure governs a party's right to reopen a case. The statute provides that a court "shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice." Tex. Code Crim. Proc. Ann. art. 36.02 (West 2007). A cause is concluded for purposes of the statute once both sides have rested, closed, and delivered closing arguments. *Smith*, 290 S.W.3d at 375; *see Allman v. State*, 164 S.W.3d 717, 721 (Tex. App.—Austin 2005, no pet.) (concluding trial court abused its discretion by reopening punishment case after both parties had argued). The phrase "due administration of justice" means a judge "should reopen the case if the evidence would materially change the case in the proponent's favor." *Peek v. State*, 106 S.W.3d 72, 79 (Tex. Crim. App. 2003). To materially change the case, the proffered evidence must be more than just relevant; it must actually make a difference in the case. *Id.*

A trial court abuses its discretion if it denies a request to reopen to allow a witness to provide such evidence when the following criteria are satisfied:

(1)  the witness is present and ready to testify;

(2)  the motion to reopen is made before final arguments and before the charge is read to the jury;

(3)  the movant states with specificity what testimony the witness is expected to give and the importance the testimony carries; and

(4)  it does not appear that the motion's purpose is to frustrate the

4

due administration of justice.[1]

## II. The trial court did not abuse its discretion when it allowed the State to reopen its case.

Appellant contends the trial court erred in allowing the State to reopen its punishment case after resting but before closing argument. According to appellant, the State failed to show that reopening the case was necessary to a due administration of justice because the State argued only that the gang evidence was relevant. Appellant argues on appeal that the State "made no attempt to show [the] court why or how the proffered testimony was material to their punishment case" and "provided no reason for the failure to introduce the evidence before the close of their case or attempts on [its] part to use diligence to secure the evidence in a timely fashion." We conclude that these arguments do not demonstrate an abuse of discretion.

The trial court explicitly found that the additional evidence of appellant's gang affiliation materially changed the case in the State's favor,[2] and that finding is supported by the law and the record. At the punishment phase of trial, evidence of gang membership is admissible to show a defendant's bad character or extraneous bad acts. Tex. Code Crim. Proc. Ann. art. 37.07 § 3(a); *Garcia v. State*, 126 S.W.3d 921 (Tex. Crim. App. 2004); *Orellana v. State*, 489 S.W.3d 537 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd). Such evidence can materially

---

[1] *Scott v. State*, 597 S.W.2d 755, 758 (Tex. Crim. App. [Panel Op.] 1979); *Kennerson v. State*, 984 S.W.2d 705, 707 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd); *see Batiste v. State*, No. AP-76600, 2013 WL 2424134, at *9 n.49 (Tex. Crim. App. June 5, 2013) (not designated for publication); *Reeves v. State*, 113 S.W.3d 791, 797 (Tex. App.—Dallas 2003, no pet.) (considering the four *Scott* factors and concluding trial court erred in denying appellant's request to reopen case).

[2] The trial court stated, ". . . I think that certainly it would be necessarily an administration of justice to demonstrate any gang affiliation [appellant] has and certainly I think that it is within the Court's discretion to allow it and also that the evidence would materially change the punishment in the proponent's favor . . . ."

change the State's punishment case because the fact-finder may consider gang affiliation in determining the defendant's punishment. *See Garcia v. State*, 239 S.W.3d 862, 867 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (citing *Dawson v. Delaware,* 503 U.S. 159, 161 (1992) (observing that evidence defendant was affiliated with criminal gang showed defendant represented future danger to society)). On this record, it was reasonable for the trial court to conclude that the gang evidence made a difference. The evidence was not cumulative: had the trial court denied the State's motion, the jury would have had no evidence of appellant's gang affiliation and may have reached a lower sentence. *See Herrera v. State*, No. 13-11-00084-CR, 2012 WL 2861673, at *10 (Tex. App.—Corpus Christi July 12, 2012, no pet.) (mem. op., not designated for publication) (concluding State's proffered evidence showing amount of narcotics recovered in search materially changed punishment case in State's favor because it indicated appellant distributed narcotics).

The State also met the four criteria listed above. The record shows that the State's additional witness, Captain Goetschius, was present and ready to testify when the case was reopened. The State asked to reopen its case not only prior to closing arguments but also prior to appellant offering any of his punishment evidence or resting his punishment case.[3] The State specified the testimony Captain Goetschius was expected to provide. The State also expressed the importance of including the additional evidence, and it does not appear from the record that the motion's purpose was to frustrate the due administration of justice.

---

[3] Article 36.02 of the Texas Code of Criminal Procedure acts as a limitation on the trial court's discretion to reopen a case and hear more evidence *after* argument has concluded. *Smith*, 290 S.W.3d at 373 (emphasis added). Because the State requested to reopen its case prior to the conclusion of argument, the trial court had the discretion to allow the additional evidence. *See Allman*, 164 S.W.3d 717, 720 ("A trial court does not err by reopening for further evidence before arguments conclude provided the evidence is material.").

Finally, appellant cites no authority for his argument that the State must provide the trial court a reason for failing to introduce the evidence before the close of its case. *Cf. Scott v. State*, 597 S.W.2d 755, 758 (Tex. Crim. App. [Panel Op.] 1979) (noting that "decisions to allow reopening do not hinge upon the evidence being newly discovered").

For these reasons, we conclude the trial court did not abuse its discretion in granting the State's request to reopen its case.

## CONCLUSION

We overrule appellant's sole issue and affirm the trial court's judgment.

/s/        J. Brett Busby
                Justice

Panel consists of Justices Christopher, McCally, and Busby.
Do not publish — TEX. R. APP. P. 47.2(b).