Albert **YANCEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–92–089–CR.

Court of Appeals of Texas, Corpus Christi.

Feb. 25, 1993.

Stephen S. Ross, Victoria, for appellant.

George J. Filley, III, Dist. Atty. of Victoria Cnty., Victoria, for appellee.

Before NYE, C.J., and SEERDEN and GILBERTO HINOJOSA, JJ.

## OPINION

NYE, Chief Justice.

A jury found appellant, Albert Yancey, guilty of murder and assessed punishment at life in prison, plus a $10,000 fine. By two points of error, appellant complains that the trial court erred by permitting the State to inquire into extraneous matters and hearsay matters over objection. We affirm.

The State's evidence showed that in September 1991, Donald Hoffer and three friends, Francisco Sanchez, Jr., Robert Lopez, and Michael Delesma, spent a day fishing and tubing at Coleto Creek Reservoir. In the evening, they went home to Victoria in Hoffer's Jeep. Upon entering Victoria, Hoffer turned onto Water Street and came upon a barricade with a detour sign pointing left. Traffic congestion prevented him from turning left. So, he turned right, hoping to catch the next street going back towards his house. His hopes were dashed when he ended up on the 600 block of East Second Street. Nightclubs were in the area, and quite a few people were around the street. As Hoffer turned off of East Second, he heard three or four popping sounds. He saw that Sanchez was slumped forward and bleeding, and Hoffer realized that someone had shot at them. He rushed Sanchez to the emergency room, but Sanchez died. A forensic pathologist testified that Sanchez died from a gunshot wound to the back of his neck which severed his spinal cord. Several witnesses testified that they saw the Jeep drive down East Second Street and that they saw appellant shoot at it. After the State rested its case, the defense rested and closed.

■ By point one, appellant complains that the trial court erred by allowing the State to inquire into extraneous matters over objection. During redirect examination of State's witness, Leon Lott, the State inquired about a shooting incident at a Whataburger. When the State asked Lott who was doing the shooting, defense counsel objected on the grounds that the matter was extraneous. The trial court overruled the objection. Lott testified that he and

**644**

appellant were at the Whataburger when some shooting had occurred, but that appellant did not do the shooting. He testified that someone from out of town did the shooting.

In this case, the evidence about the shooting incident was not evidence of an extraneous offense implicating appellant. Further, the State did not insinuate that appellant was involved. In *McKay v. State*,[1] the Court stated:

> Evidence of an extraneous offense must necessarily involve evidence of prior criminal *conduct* by the accused. [citation omitted]. If the evidence fails to show that an offense was committed or that the accused was connected to the offense, then evidence of an extraneous offense is not established. (original emphasis).

*McKay*, 707 S.W.2d at 31–32. *See Taylor v. State*, 684 S.W.2d 682, 684–86 (Tex.Crim. App.1984). Compare this case to *Saenz v. State*, 843 S.W.2d 24 (Tex.Crim.App.1992), in which the State insinuated that the defendant was involved in a prior criminal act. Appellant's first point is overruled.

 By point two, appellant complains that the trial court erred by permitting the State to inquire into hearsay matters over objection. During redirect examination of State's witness, Michael Delesma (one of the passengers in Hoffer's Jeep at the time of the alleged shooting), the State questioned him about whether he knew John Hill and whether he had talked to him about Sanchez getting shot. When the State asked Delesma if Hill knew anything about the incident, defense counsel objected that the matter involved hearsay. The trial court overruled the objection. Delesma testified that Hill had heard about the shooting. He also testified that while he was with Hill, Hill called William Johnson and that Hill and Johnson talked about what had happened. Delesma stated that as a result of Hill's conversation with Johnson, Hill obtained a name concerning the shooting. At that point, the State passed the witness.

Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. *Acosta v. State*, 752 S.W.2d 706, 709 (Tex. App.—Corpus Christi 1988, pet. ref'd); TEX. R.CRIM.EVID. 801(d). "Statement" as defined in TEX.R.CRIM.EVID. 801(a) necessarily includes *proof* of the statement whether the proof is direct or indirect. *Schaffer v. State*, 777 S.W.2d 111, 114 (Tex.Crim.App. 1989). In this case, Delesma never specifically recited anything that Hill or Johnson allegedly said. Further, he did not testify about whose name Hill allegedly received from Johnson. Appellant's second point is overruled.

The trial court's judgment is AFFIRMED.

---

1. 707 S.W.2d 23 (Tex.Crim.App.1985).