Affirmed and Opinion filed April 27, 2006









Affirmed and Opinion filed April 27, 2006.

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-01122-CR

_______________

 

THE STATE OF TEXAS, Appellant

 

V.

 

CHARLES CRAIG WOLFE, Appellee

                                                                                                                                               


On Appeal from the 240th District Court

Fort Bend County, Texas

Trial Court Cause No. 37,572 

                                                                                                                                               


 

O
P I N I O N

After
being convicted by a jury of indecency with a child by exposure, Charles Craig
Wolfe (Aappellee@) filed a motion for new trial
alleging ineffective assistance of counsel for failure to object to hearsay
testimony.  The trial court granted this
motion, and the State appeals.  We
affirm.

                                                            Standard
of Review








Our
disposition of this appeal is largely dictated by the broad discretion vested
in trial courts to grant motions for new trial. 
To be entitled to a new trial (or reversal of a conviction) based
on ineffective assistance of counsel, an appellant must show that his defense
attorney=s performance fell below an objective
standard of reasonableness and there is a reasonable probability that, but for
the error, the result of the proceeding would have been different.  Yarborough v. Gentry, 540 U.S. 1, 5
(2003); Wiggins v. Smith, 539 U.S. 510, 521, 534 (2003); Ex parte
Chandler, 182 S.W.3d 350, 353-54 (Tex. Crim. App. 2005).  For ineffective assistance in failing to
object during trial, an appellant must show that the trial judge would have
committed error in overruling the objection. 
Ex parte White, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004).

However,
where a defendant timely files and presents a motion for new trial that
reflects Areasonable grounds@ for holding a new trial, a trial
court has discretion to grant the motion in the interest of justice, even
though the basis asserted is not among those enumerated in Texas Rule of
Appellate Procedure 21.3.  See State
v. Aguilera, 165 S.W.3d 695, 698 n.9 (Tex. Crim. App. 2005); State v.
Gonzalez, 855 S.W.2d 692, 694 (Tex. Crim. App. 1993).  The Court of Criminal Appeals has recognized
that, because this discretion is almost the only protection citizens have
against illegal or oppressive verdicts of prejudiced, careless, or ignorant
juries, its scope extends to any circumstances in which the ends of justice
have not been attained by a verdict.  Gonzalez,
855 S.W.2d at 694.  A trial court=s ruling on a motion for new trial is
reviewed for abuse of discretion.  Charles
v. State, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004).  A trial court abuses its discretion in
granting a motion for new trial only when no reasonable view of the record
could support the trial court=s ruling.  Id.








In
Gonzalez, the motion for new trial was granted in the interest of
justice upon a showing only that the defendant=s uncle had been unavailable to
testify at his sentencing hearing, without any evidence presented about the
content of the uncle=s testimony or thus its significance to a determination of
punishment.  Gonzalez, 855 S.W.2d
at 693, 695.  Moreover, on appeal of the
granting of a new trial, the State was not allowed to challenge the sufficiency
of the showing made to support that decision, but was instead held to a burden
to develop a controverting record affirmatively establishing that granting the
motion was an abuse of discretion.  Id.
at 695-96.  In effect, therefore, our
case law currently provides no meaningful guidance for objectively determining
under what circumstances a trial court lacks discretion to grant a new trial in
the interest of justice.[1]  It is clear only that a trial court has
discretion to grant a motion for new trial in a much broader range of
circumstances than those in which it would be required to do so as a matter of
law (that is, it would have no discretion to deny the motion).  Therefore, in this case, we do not review
whether such ineffective assistance of counsel was demonstrated as would have
required granting a new trial (or reversing the conviction), but only whether
the State has demonstrated that no reasonable view of the record could support
a decision to grant a new trial in the interest of justice based on the
ineffectiveness of appellee=s counsel.  Id.
at 694.

Hearsay
Statements

Here,
appellee asserted that counsel was ineffective in repeatedly failing to object
to the complainant=s and other witnesses= hearsay testimony regarding what the
complainant had told others about the incident.[2]  The State argues that appellee failed to
demonstrate that this failure was ineffective assistance because the statements
at issue: (1) were not hearsay because they were too general in nature and thus
not offered for the truth of the matters asserted; (2) were admissible as prior
consistent statements; and (3) did not prejudice the defense even if
inadmissible. 








During
the State=s case-in-chief, the complainant
testified without objection, AI told [my friend] I was on the computer, . . . and I turned
my face and I looked and I seen [sic] Mr. Wolfe.@[3] 
The friend similarly testified without objection: AI couldn=t believe that [the complainant] was
telling me this, . . . that these words were coming out of her mouth.  She had looked over and Mr. Wolfe was
exposing himself.@

The
State first contends that these statements were not hearsay because they were
merely generalized statements that the complainant had told others what happened,
offered only to show that the conversations had taken place and not for the
truth of the matters asserted.  Hearsay
is a statement, other than one made by the declarant while testifying at trial,
offered in evidence to prove the truth of the matter asserted.  Tex.
R. Evid. 801(d).  Therefore,
general statements by a witness that a conversation took place without
specifying the details of the conversation are not hearsay.   See Yancey v. State, 850 S.W.2d 642, 644
(Tex. App.CCorpus Christi 1993, no pet.).  However, the statements recited above are not
general, but specific testimony regarding out-of-court statements made by the
declarants about the particulars of the alleged incident.

The
State also argues that these statements were admissible as prior consistent
statements.  A prior statement by a
witness is not hearsay if the declarant testifies at trial, is subject to
cross-examination about the statement, and the statement is consistent with the
declarant=s testimony and is offered to rebut
an express or implied charge of recent fabrication or improper influence or
motive.  Tex. R. Evid. 801(e)(1)(B). 









Here,
the complainant=s statements were made during her direct examination before
the defense had any opportunity to cross-examine or otherwise challenge her
credibility.[4]  Moreover, the State does not cite (and we
have not found) any cross-examination seeking to challenge the complainant=s truthfulness.[5]  Thus, neither the complainant=s testimony nor the subsequent
testimony of the complainant=s friend recited above were offered in rebuttal.  Under these circumstances, the State has not
demonstrated that the complainant=s out-of-court statements were
admissible as prior consistent statements and thus outside the trial court=s discretion to exclude.

Finally,
regarding the prejudicial effect of the failure to object to the hearsay
statements, the State contends the statements were so general that there was no
reasonable probability that, but for their admission, the outcome of the case
would have been different.  However,
throughout the trial, the State emphasized the importance of the fact that the
complainant had told others about the alleged offense.[6]  Because the only direct evidence of the
offense was the complainant=s testimony, it was within the trial court=s discretion to conclude that trial
counsel=s failure to object to her hearsay
statement, compounded by his failure to object to subsequent bolstering hearsay
testimony of her friend, warranted the granting of a new trial in the interest
of justice.  Accordingly, the State=s issue is overruled, and the
judgment of the trial court is affirmed.

 

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed April 27, 2006.

Panel consists of
Justices Edelman, Seymore, and Guzman.

Do not publish C Tex.
R. App. P. 47.2(b).











[1]           See
Gonzalez, 855 S.W.2d at 699 (Campbell, J., dissenting).  Indeed, the State has cited no cases in which
a trial court=s decision to grant a new trial for any reason has
been reversed.





[2]           At the
hearing on the motion for new trial, defense counsel admitted that not
objecting to the complainant=s testimony was a mistake, and that he did not object
when other hearsay statements were made relating to the complainant=s hearsay statements because he felt it would be
useless to do so as it would have been apparent to the jury what he was trying
to keep out.  Moreover, at this hearing,
the trial judge acknowledged that if these statement had been objected to, he
would have sustained the objections.

 





[3]           The
complainant had already testified that she saw appellee exposing himself.





[4]           The
State has cited no case holding that out-of-court statements are admissible as
prior consistent statements to rebut an anticipated charge of
fabrication or improper influence or motive before the witness has even been
cross-examined.  





[5]           Instead,
the defense attempted to show that the complainant was mistaken about the
incident and only thought she saw appellee exposing himself, challenging her as
to whether there was enough lighting in the room to see clearly and whether the
arrangement of the walls and furniture allowed a clear view of appellee on the
couch.  Defense counsel also attempted to
show that appellee was asleep or unaware that the complainant was nearby.  





[6]           During
opening argument, the prosecution explained that the complainant had told both
a close friend and a police detective about the incident.  On direct examination, the complainant
testified that she told her friend what had happened and stated that she had
described the events surrounding the incident to the police detective.  The complainant=s friend
took the stand and testified that the complainant had described the incident to
her.  The police detective also testified
on direct-examination that he had gotten details and information about the
incident from the complainant and that the complainant had been interviewed by
child advocacy about the incident. 
Finally, during closing argument, the State again emphasized the
importance of the complainant=s conversation with her friend describing the
incident.