

# NUMBER 13-10-00545-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**SANFORD WAYNE GUILLORY,**                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                 **Appellee.**

### On appeal from the Criminal District Court
### of Jefferson County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Justice Rodriguez

Appellant Sanford Wayne Guillory challenges his conviction by a jury for aggravated sexual assault of a child, for which he was sentenced to thirty years' incarceration. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (2)(B) (West Supp. 2010). By three issues on appeal, Guillory argues that: (1) the evidence was insufficient to support his conviction; (2) the trial court erred in admitting extraneous

misconduct evidence in violation of rule 404(b), *see* TEX. R. EVID. 404(b); and (3) he received ineffective assistance of counsel.   We affirm.

## I. BACKGROUND[1]

Guillory was indicted for "sexually assault[ing] [A.R.], . . . a person then younger than seventeen (17) years of age and not the spouse of [Guillory], by intentionally and knowingly causing the penetration of the female sexual organ of [A.R.] by inserting his sexual organ; and [A.R.] was then and there younger than fourteen (14) years of age." *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (2)(B).   Guillory pleaded not guilty, and the case was tried to a jury.   The jury returned a guilty verdict and sentenced Guillory to thirty years' confinement in the Institutional Division of the Texas Department of Criminal Justice.   Guillory filed a motion for new trial, arguing that the evidence supporting the conviction was insufficient and that he received ineffective assistance of counsel.[2]   The trial court denied the motion without a hearing.   This appeal followed.[3]

## II. SUFFICIENCY OF THE EVIDENCE

By his first issue, Guillory argues that the evidence was insufficient to support his conviction.   Specifically, Guillory argues that the evidence was not sufficient to prove that the alleged victim was younger than fourteen years of age.   We disagree.

In a sufficiency review, courts examine the evidence in the light most favorable to

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.   *See* TEX. R. APP. P. 47.4.

[2] We note that Guillory's motion for new trial, which was filed on September 28, 2010, was untimely in that it was filed more than thirty days after the August 25, 2010 judgment imposing the sentence.   *See* TEX. R. APP. P. 21.4(a).

[3] This case is before the Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to a docket equalization order issued by the Supreme Court of Texas.   *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

the verdict to determine whether "any rational fact finder could have found guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) ("[T]he *Jackson* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt."). This standard requires reviewing courts to resolve any evidentiary inconsistencies in favor of the judgment, keeping in mind that the fact finder is the exclusive judge of the facts, the credibility of the witnesses, and the weight to give their testimony. *Brooks*, 323 S.W.3d at 899; *see* TEX. CODE. CRIM. PROC. ANN. art. 38.04 (West 1979) ("The jury, in all cases, is the exclusive judge of the facts proved, and of the weight to be given to the testimony . . . ."). Appellate courts do not re-evaluate the weight and credibility of the evidence; they only ensure that the jury reached a rational decision. *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009).

Legal sufficiency is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). "Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Villarreal*, 286 S.W.3d at 327; *see Malik*, 953 S.W.2d at 240. In this case, Guillory committed the offense if he "intentionally or knowingly . . . cause[d] the penetration of the anus or sexual organ of a child by any means" and "the victim [was] younger than 14 years of age." *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (2)(B).

3

At trial, A.R. testified that she "remember[ed] [Guillory] coming into [her] mom's life" when A.R. "was like 11, 10 or 11." When Guillory first began dating A.R.'s mother, the family lived "on a street called Abilene" in Beaumont, Texas. A.R. testified that when she was eleven or twelve years old, Guillory helped A.R.'s mother move the family to a house on Buffalo Circle. A.R. testified that shortly after that move, the abuse began. After they moved into the Buffalo Circle house, A.R.'s mother started a new job that required her to work overnight. A.R. testified that her mother had Guillory stay at the house overnight to help care for A.R. and her sisters. While A.R.'s mother was at work, Guillory would touch A.R. inappropriately.

A.R. then testified that the family moved again, describing the timeline as follows: "I was still in middle school when we moved to—because I was in the 6th grade when we moved to Buffalo Circle, and then I was still in middle school when we moved to Sunset. So, it wasn't long that we lived at Buffalo Circle." A.R. confirmed that it was "around March, 2000" when they moved to Sunset and that she was twelve-years-old at that time. At this point, Guillory began "actually having intercourse with me." A.R. testified that she was "12, 13 years old at this time." A.R. testified that the intercourse happened several times, "more than ten," that it "went on . . . [for] [a] couple of years," and that she was fourteen years old when it stopped.

On cross-examination, A.R. was questioned about a statement she gave to police in 2003:

[Defense counsel]: Did you make the statement to the police department that the last time that you had sex with [Guillory] was in January of 2002?

[A.R.]: Yes.

4

[Defense counsel]: Is that true?

[A.R.]: Yes.

[Defense counsel]: Okay. And also, did you also make a statement that the first time that you started having intercourse with [Guillory] was when you were 14 years of age?

[A.R.]: It was before I turned 14. It stopped around when I was 14, but it began before I turned 14.

[Defense counsel]: The question I have, though, is: Did you make the statement to the police department that you started having sexual intercourse with [Guillory] at the age of 14?

[A.R.]: Yes.

[Defense counsel]: You made that statement to the police officer?

[A.R.]: That's what it says right here. I don't remember saying it, but if it[']s right here. That was 10 years ago.

[Defense counsel]: Let me take a step back then. Is that your statement?

[A.R.]: Yes, that's my statement.

[Defense counsel]: And is your signature on that statement?

[A.R.]: Yes, it is.

. . . .

[Defense counsel]: So, you did make the statement to the police department — police officer that you were 14 at the time you started having sexual intercourse with Sanford, correct?

[A.R.]: Yes.

Although there was some conflicting evidence as to A.R.'s age at the time Guillory started having intercourse with her, the jury could have credited the portions of A.R.'s testimony that she was twelve or thirteen years old at the time of the initial assault, and we

5

cannot conclude that the jury was irrational in doing so. The jury is the sole judge of the credibility of the witnesses, *see Brooks*, 323 S.W.3d at 899, and it was within the jury's province to disregard defense counsel's attempts to impeach A.R. through the exchange regarding the police statement. In sum, giving full deference to the jury in its role as fact finder and viewing the evidence at trial in the light most favorable to the verdict, we conclude that the evidence in this case was sufficient to prove that the victim was younger than fourteen years of age at the time of the initial assault. As such, the evidence was legally sufficient. Guillory's first issue is overruled.

### III. EXTRANEOUS MISCONDUCT EVIDENCE

By his second issue, Guillory argues that the trial court erred in admitting certain extraneous misconduct evidence where the State failed to give adequate notice of its intent to introduce such evidence. *See* TEX. R. EVID. 404(b). Guillory contends that the evidence was related to allegations made by A.R.'s sister against Guillory. Before trial began, Guillory asked the court to exclude any evidence related to the sister's allegations because the State failed to give timely notice. The trial court granted Guillory's request, stating that "I'm going to grant the motion in limine by the defense."

Guillory complains of two instances during trial when the sister's allegations were mentioned. First, the State mentioned A.R.'s sister in its opening statement:

> [A.R.]'s going to tell you that she then made an outcry when she was older after she was 15 and that an incident had occurred with the other sister that something happened and it made her come forward and say, "Hey, this man, he touched me. He had sex with me." And she confronts her mother and her mother reluctantly, you know, talks to her and reluctantly brings them down to have an investigator talk with them and they give a report.

Second, during the State's case-in-chief A.R.'s mother, testified as follows:

6

| [Prosecutor]: | Okay. Now, in March of 2003, did you discuss with [A.R.], your daughter, about the defendant, Mr. Guillory, touching her inappropriately? |
|---|---|
| [A.R.'s mother]: | That discussion was a result of something else happening, yes. |
| [Prosecutor]: | Okay. And you did question her about any inappropriate behavior between her and the defendant in this case, did you not? |
| [A.R.'s mother]: | Yes, I did. |
| [Prosecutor]: | Did she tell you that he had done so? |
| [A.R.'s mother]: | No, she did not at that present time. |
| [Prosecutor]: | Where did you-all have this discussion, you and [A.R.]? |
| [A.R.'s mother]: | I picked [A.R.] up from school because of an event that happened earlier that day; and I questioned her to the extent that if anything happened to her, that it was something that I wanted her to tell me. At that time, I took her and her sister down to the police station and met with a detective and said to them that these are the things that my children have said to me and that I did not know what I needed to do but I felt as though I needed to bring them downtown to speak with someone. |

Guillory objected after both the prosecutor's comment during the opening statement and the foregoing testimony by A.R.'s mother, arguing that both instances violated rule 404(b). The trial court overruled both objections.

The standard of review for the admissibility of evidence is abuse of discretion. *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007). Under an abuse of discretion standard, we will uphold the decision of the trial court concerning the admissibility of evidence unless the ruling rests outside the zone of reasonable disagreement. *Id.*

7

Under rule 404(b), evidence of other crimes, wrongs, or acts is not admissible to prove a person's character and/or to show that the person acted in conformity with that character. *See* TEX. R. EVID. 404(b). Such evidence may be admitted if it is relevant to motive, identity, intent, opportunity, preparation, plan or absence of mistake. *Id.* But to constitute an extraneous offense and trigger the application of rule 404(b), the evidence must show a crime or bad act and that the defendant was connected to it. *See Lockhart v. State*, 847 S.W.2d 568, 573 (Tex. Crim. App. 1992) (en banc); *Arthur v. State*, 11 S.W.3d 386, 390 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). This "necessarily involve[s]" some sort of "prior criminal conduct" by the defendant. *Harris v. State*, 738 S.W.2d 207, 224 (Tex. Crim. App. 1986) (en banc) (op. on reh'g). If the evidence fails to show that an offense was committed or that the accused was connected to the offense, then it is not evidence of an unadjudicated extraneous offense. *Id.*; *Yancey v. State*, 850 S.W.2d 642, 644 (Tex. App.—Corpus Christi 1993, no pet.).

Here, we do not believe that the complained-of instances rise to the level of extraneous misconduct evidence. The prosecutor's comment during opening statement did not include any specifics—neither Guillory nor any specific act or conduct were mentioned—regarding the allegations made by A.R.'s sister. Neither did A.R.'s mother include any specific information related to the sister's allegations. Rather, it appears that the State tread very carefully around the subject and abided by the trial court's order on Guillory's pre-trial motion. Thus, we cannot conclude that the trial court abused its discretion in overruling Guillory's objections to the foregoing instances.[4]

---

[4] We note that similar instances—where A.R.'s sister was vaguely mentioned by the State or its witness—occurred at different points during the trial and Guillory did not object. For example, immediately after the trial court overruled Guillory's objection to A.R.'s mother's testimony, the prosecution elicited the

8

Regardless, even if we assume that the trial court erred in allowing the foregoing instances to occur, we would conclude that Guillory was not harmed by them. "Rule 404(b) literally conditions the admissibility of other-crimes evidence on the State's compliance with the notice provision of Rule 404(b)." *Hernandez v. State*, 176 S.W.3d 821, 824 (Tex. Crim. App. 2005) (citations omitted). Thus, "it is error to admit Rule 404(b) evidence when the State has not complied with the notice provision of Rule 404(b)." *Id.* Such error is not reversible if it did not harm the appellant; the appellant's

---

following testimony:

| [Prosecutor]: | When you were questioning [A.R.], you-all were in the car; is that correct? |
| --- | --- |
| [A.R.'s mother]: | Yes. |
| [Prosecutor]: | Did she attempt to jump out of the car? |
| [A.R.'s mother]: | Yes. |
| [Prosecutor]: | Now, and then you also brought *them* down to the police department; is that correct? |
| [A.R.'s mother]: | Yes, I did. |
| [Prosecutor]: | To give *statements*? |
| [A.R.'s mother]: | Yes. |
| | . . . . |
| [Prosecutor]: | Okay.  And after you brought *them* down, did [A.R.] go and was examined by Ms. Brenda Garrison? |
| [A.R.'s mother]: | Yes. |
| | . . . . |
| [Prosecutor]: | Did your *daughters* ever ask or [sic] you as to what's going on with the case?   Why has it not been brought? |
| [A.R.'s mother]: | No, *they* did not. |

(Emphases added.)  Guillory lodged no objections to the foregoing testimony.  Even when a defendant properly objects to evidence, the subsequent presentation of essentially the same evidence without objection waives error. *See* TEX. R. APP. P. 33.1(a); *Massey v. State*, 933 S.W.2d 141, 149 (Tex. Crim. App. 1996).

9

"substantial rights" must have been affected. TEX. R. APP. P. 44.2(b). As posited by Guillory in his brief, "[w]hen an appellate court determines that a jury's verdict was substantially influenced by the improper admission of substantively inadmissible Rule 404(b) evidence, that influence on the jury's verdict will always be 'injurious' since there was no proper purpose for the jury to consider the evidence." *Hernandez*, 176 S.W.3d at 825. However, when extraneous misconduct evidence is improperly admitted because of the State's failure to comply with the notice requirement of rule 404(b), "it cannot be said that this effect or influence was 'injurious' if the defendant was not surprised by the evidence." *Id.* In other words, to show harm flowing from the lack of notice, an appellant must show both that he was surprised and show how his defense strategy would have been different had he been given proper notice. *Id.* at 825-26.

We will assume, for the sake of argument, that the complained-of instances were extraneous misconduct evidence, that the State did not give proper notice under rule 404(b), and that the trial court therefore erred in allowing the instances to occur. *See id.* at 824. Although Guillory stated at trial and now on appeal that he was surprised by the evidence, he does not show how his defense strategy might have been different had the State given him timely and proper 404(b) notice. Absent such a showing, we cannot conclude that Guillory was harmed by the foregoing instances. *See id.* at 825-26; *see also* TEX. R. APP. P. 44.2(b).

Guillory's second issue is overruled.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

By his third issue, Guillory argues that his attorney's failure to investigate, in general, and failure to review the prosecution's file before trial, in particular, amounted to

10

ineffective assistance of counsel.

To establish ineffective assistance of counsel, Guillory must show that: (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 684 (1984); *Jaynes v. State*, 216 S.W .3d 839, 851 (Tex. App.—Corpus Christi 2006, no pet.). Whether this test has been met is to be judged on appeal by the totality of representation, not by any isolated acts or omissions. *Jaynes*, 216 S.W.3d at 851. The right to "reasonably effective assistance of counsel" does not guarantee errorless counsel or counsel whose competency is judged by perfect hindsight. *Saylor v. State*, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983).

Our review of counsel's representation is highly deferential, and we will find ineffective assistance only if Guillory rebuts the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 689; *Jaynes*, 216 S.W.3d at 851. Guillory must prove ineffective assistance of counsel by a preponderance of the evidence. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App.1999) (citing *Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984)). To prove that counsel's performance fell below the reasonableness standard, "the record must contain evidence of counsel's reasoning, or lack thereof." *Moreno v. State*, 1 S.W.3d 846, 865 (Tex. App.—Corpus Christi 1999, pet. ref'd). Generally, the trial record will not be sufficient to establish an ineffective assistance of counsel claim.[5] *Thompson*, 9 S.W.3d at 813-14; *Kemp v. State*, 892

---

[5] Although Guillory filed a motion for new trial, the trial court denied it without a hearing; thus no

S.W.2d 112, 115 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd). This is true because, normally, a record is silent with regard to counsel's decision-making processes, and therefore, appellant often cannot rebut the presumption that counsel's performance was the result of sound or reasonable trial strategy. *Strickland*, 466 U.S. at 688; *Stafford v. State*, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991); *see Jaynes*, 216 S.W.3d at 855. In the case of such a silent record, "the challenged conduct must be 'so outrageous that no competent attorney would have engaged in it.'" *Roberts v. State*, 220 S.W.3d 521, 533 (Tex. Crim. App. 2007) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

Here, Guillory bases his allegation that his trial counsel did not adequately investigate the case on one statement made by the prosecutor in proceedings prior to trial. While conferring with the trial court on whether the State gave adequate rule 404(b) notice to Guillory, as discussed above, the parties discussed the State's open-door and open-file policy, and the prosecutor stated, "All witness statements were given over but at the same time, I've never—you know, [defense counsel] has never come to our office and reviewed the file and I basically asked him if you wished to review the file, please come by. He's never come and done that." We cannot conclude, based on this statement by one prosecutor, that Guillory's trial counsel never reviewed the State's file. It is possible that Guillory's trial counsel did review the State's file but spoke to a different prosecutor at the time. Regardless, the one statement relied on by Guillory does not prove by a preponderance of the evidence that trial counsel did not review the State's file. Rather, the details of trial counsel's investigation, or alleged lack thereof, are not clearly apparent

evidence regarding trial counsel's performance was elicited at that stage. Guillory does not complain on appeal of the trial court's decision to deny the motion without an evidentiary hearing.

12

from the trial record. The trial record in this case is underdeveloped as to the alleged failings of Guillory's trial counsel and does not contain sufficient information to permit us to fairly evaluate the merits of such a serious allegation. *See Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007); *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Neither can we conclude from the record before us that trial counsel's actions were so outrageous that no competent attorney would have engaged in them. *See Roberts*, 220 S.W.3d at 533.

In sum, without specific evidence of trial counsel's decision-making process and strategy, we cannot conclude that Guillory has overcome the strong presumption that his trial counsel provided professional, objectively reasonable assistance. *See Strickland*, 466 U.S. at 689; *Jaynes*, 216 S.W.3d at 851. Because Guillory did not establish that his trial counsel's performance fell below an objectively reasonable standard, he has not met the first prong of *Strickland*. *See Jaynes*, 216 S.W.3d at 855. Guillory's third issue is overruled.

## V. CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 20th
day of October, 2011.

13